255 So.2d 95 (1971)
Frank H. PENDER, Plaintiff-Appellee,
v.
NATIONAL FIRE AND MARINE INSURANCE COMPANY, Defendant-Appellant.
No. 3499.
Court of Appeal of Louisiana, Third Circuit.
September 27, 1971.
Rehearings Denied October 27, 1971.
Writs Refused December 13, 1971.
*96 Gahagan & Kelly by Henry C. Gahagan, Jr., and Jack O. Brittain, Natchitoches, for defendants-appellants.
Thomas & Friedman by Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before FRUGE, HOOD and SAVOY, JJ.
HOOD, Judge.
This is a workmen's compensation suit instituted by Frank H. Pender, against National Fire and Marine Insurance Company. National filed a third party action against Southern Farm Bureau Casualty Insurance Company, seeking to recover from the latter any amounts which it might be condemned to pay plaintiff. Southern Farm reconvened for judgment against National for all or at least one-half of the amounts which Southern Farm has paid to Pender. Plaintiff's claim for compensation benefits was tried first, and a separate trial was then held on the third party demand of National and the reconventional demand of Southern Farm.
*97 Judgment was rendered by the trial court in favor of plaintiff and against National, condemning the latter to pay compensation benefits to Pender at the rate of $35.00 per week from July 12, 1968, during disability not to exceed 400 weeks, plus penalties and attorney's fees. A separate judgment was rendered on the same date rejecting the third party demands of National, and rejecting the reconventional demands of Southern Farm. National has appealed from both of those judgments. Southern Farm has appealed from the judgment rejecting its reconventional demands.
Several questions are presented. We direct our attention first, however, to the factual issues of whether plaintiff's present disability resulted from an accident which occurred on July 12, 1968, whether it resulted from one which occurred on November 1, 1969, or whether it resulted from both of those accidents. It is necessary that these issues be resolved, because National was the workmen's compensation insurer of plaintiff's employer when the first of said accidents occurred, and Southern Farm was the employer's insurer when the second accident occurred.
Pender, who is 67 years of age, had been working as a truck driver for Valley Farmers Co-op, of Natchitoches, Louisiana, for about 17 years before he sustained the injuries which form the basis for this suit. He injured his back initially on March 31, 1967, long before either of the above mentioned accidents occurred, when he slipped and fell off a truck platform in the course of his employment. He received medical treatment for that injury immediately, and a few months later he returned to his former job, working for the same employer. He continued to perform the work of a truck driver from that time until July 12, 1968, without any apparent difficulty or complaints. We find that he completely recovered from this initial injury before the last mentioned date.
On July 12, 1968, Pender sustained another back injury while he was climbing a fence to make a delivery for his employer. Although he suffered pain immediately following that accident, he continued to work for about ten days thereafter, or until July 22, and he then went to Dr. E. C. Simonton, an orthopaedic surgeon, for treatment. Dr. Simonton found that plaintiff had a herniated or protruding disc at the fourth lumbar interspace. Conservative treatment failed to remedy plaintiff's condition, so Dr. Simonton performed surgery on his back on August 27, 1968, the surgery consisting principally of the removal of a portion of the nucleus pulposis from the L4-L5 interspace. The post-operative treatment administered to plaintiff included the use of a back brace.
National denies that an accident occurred on July 12, 1968, or that plaintiff sustained a back injury on that date. The trial judge concluded that plaintiff did sustain such an injury at that time, and we think the evidence supports that conclusion.
Plaintiff performed no work from July 22, 1968, until March 20, 1969. On the last mentioned date he was released by his treating physician and he returned to his former job, working as a truck driver for Valley Farmers Co-op. He continued to work at that job until December 5, 1969. He testified, however, that during that entire period of time, from March 20 to December 5, 1969, he suffered constant and substantial pain while he worked. The evidence shows that he wore a back brace and took pain killing drugs while at work during that period. He could not lift 55 gallon drums or other heavy objects as he was required to do in connection with his employment. He was examined by Dr. Simonton and by Dr. T. E. Banks, an orthopaedic surgeon, during that period, and both of these doctors testified that Pender had serious and disabling disc injuries, particularly at the L4-L5 level, that his condition was such that he probably suffered substantial pain while trying to work, and that he had a permanent disability from 20 to 25 percent of the use of the back. Pender explained that he worked during that time despite the pain *98 because he needed the money, and he couldn't afford to quit.
We conclude, as the trial judge obviously did, that plaintiff suffered severe, substantial and appreciable pain while working from March 20 to December 5, 1969, and that he thus was totally disabled within the meaning of the workmen's compensation act. See Lantier v. Guy Scroggins, Inc., 223 So.2d 252 (La.App. 3 Cir. 1969); Glidden v. Alexandria Concrete Company, Inc., 242 La. 626, 137 So.2d 894 (1962).
Plaintiff testified that on November 1, 1969, while working at his regular employment, he sustained another back injury when a wrench which he was using suddenly yielded to the pressure he was applying to it. He stated that his back bothered him "quite a bit more" after that accident, but that he continued to work until December 5, 1969. He went to Dr. A. E. Dean, an orthopaedic surgeon, for medical treatment on the last mentioned date. Dr. Dean found that Pender was suffering from degenerative discs, and that he had a protrusion of the disc at the L4L5 interspace, that being the same disc which had been partially removed following the 1968 accident. He performed surgery on plaintiff's back in March, 1970, the surgical procedure consisting principally of the removal of the disc at the L3-L4 interspace and the removal of the remainder of the L4-L5 disc. In performing that surgery, Dr. Dean found that the nerve was adhered over the protruding L4L5 disc, with scar tissue from the previous surgery, and he was unable to determine whether plaintiff's symptoms at that time should be attributed to the 1968 disc injury or to the degeneration of other discs. He felt confident, however, that the 1968 accident at least contributed to plaintiff's present disability.
Plaintiff has not worked since December 5, 1969, and all parties concede that he has been totally disabled since that time. There is a dispute, however, as to whether he was totally and permanently disabled immediately before the November 1, 1969, accident occurred.
As we have already noted, National Fire and Marine Insurance Company was the workmen's compensation insurer of plaintiff's employer, Valley Farmers Co-op, at the time the 1967 and the 1968 accidents occurred. Southern Farm was the compensation insurer of that employer when the last accident occurred on November 1, 1969.
National contends that plaintiff recovered from the injuries which he sustained on July 12, 1968, and that his present disability is attributable solely to the injury which he sustained on November 1, 1969, while the employer was insured by Southern Farm. Alternatively, National contends that plaintiff's present disability resulted jointly from the 1968 and 1969 accidents, and that the two insurers, National and Southern Farm, should be decreed to be liable in solido for compensation benefits, and that the payments due should be prorated. Southern Farm contends that plaintiff's disability resulted solely from the July 12, 1968, accident, and that Southern Farm thus is not liable. It also argues, alternatively, that Pender's present disability resulted from both accidents, and that liability should be prorated between the two insurers. Pender alleges that his present disability resulted from the July 12, 1968, accident. He, in fact, has named National as the sole defendant in his suit for compensation, and he has never judicially asserted a claim against Southern Farm.
Pender was paid his full salary by Valley Farmers Co-op continuously from July 12, 1968, until May 1, 1970. We find that plaintiff did not earn his salary from July 12, 1968, until March 20, 1969. He did earn it from March 20 until December 5, 1969, and he did not earn any of the salary payments which were made to him after the last mentioned date. During the period from December 5, 1969, until May 1, 1970, therefore, the salary payments which were made to plaintiff by his employer were made as a gratuity, in lieu of compensation benefits. *99 These salary payments amounted to $94.00 per week, that being in excess of any compensation payments which might be due.
In addition to the salary which he received during the above mentioned periods, National (as the compensation insurer of Valley Farmers Co-op in 1968) paid compensation benefits to plaintiff at the rate of $35.00 per week from July 12, 1968, until March 20, 1969. National discontinued payment of compensation benefits on the last mentioned date because plaintiff was discharged by his treating physician and he returned to work for his former employer at that time.
On March 20, 1970, Southern Farm began paying plaintiff compensation benefits at the rate of $45.00 per week, and it has continued to make those payments up to the present time. In addition to the compensation benefits which were paid to plaintiff, Southern Farm also has paid to him, or for his account, medical benefits amounting to the aggregate sum of $11,613.58. The record shows, therefore, that from March 20 to May 1, 1970, plaintiff received $45.00 per week as compensation benefits from Southern Farm, and he also received his full salary as a gratuity from his employer. Since May 1, 1970, plaintiff has received payments of $45.00 per week from Southern Farm.
On February 2, 1970, plaintiff, through his attorney, made formal demand on National for compensation benefits, contending that he is totally and permanently disabled solely as a result of the accident which occurred on July 12, 1968. National refused to comply with his demand, and this suit was instituted on February 17, 1970.
The trial judge obviously concluded that plaintiff was totally and permanently disabled as a result of the injury which he sustained on July 12, 1968, since judgment was rendered condemning National to pay plaintiff compensation benefits at the rate of $35.00 per week, beginning July 12, 1968, He also apparently concluded that the accident which occurred on November 1, 1969, did not contribute to or cause plaintiff's present disability, because he rejected National's third party claim against Southern Farm for contribution.
We cannot say that the trial judge erred in finding that plaintiff's present disability, which all parties concede is total and permanent, resulted solely from the July 12, 1968, accident. Although there are some conflicts in the evidence as to that issue, we think the evidence as a whole supports the conclusion reached by the trial court.
The evidence establishes, for instance, that although Pender worked for a few months in 1969, after the 1968 accident had occurred, he suffered great and substantial pain while working during that period. We have found that his pain during that time was substantial enough to render him totally disabled within the meaning of the workmen's compensation act. The evidence thus establishes that he has been totally disabled continuously since July 12, 1968.
The evidence also shows that the accident which Pender sustained on November 1, 1969, was of a relatively minor nature. His wife testified that Pender had not told her of any such accident, and that she did not even know that he had sustained one on that date, until he informed Dr. Dean on December 5, 1969, that such an accident had occurred. Pender stated that when the November 1 accident occurred he felt "something" in his back, but that he kept on working without reporting it, and that this accident didn't bother his leg like the 1968 accident had done. He reported to Dr. Dean that when the wrench slipped "it pulled his back slightly," and the doctor stated that Pender considered it to be a "fairly minor type injury." Plaintiff did not go to a doctor for treatment of his back until more than six weeks after the alleged accident of November 1, 1969, occurred. All of these facts indicate that the last mentioned accident did not cause or contribute to plaintiff's present disability.
*100 We conclude, therefore, as did the trial court, that plaintiff has been totally and permanently disabled since July 12, 1968, that his disability resulted solely from the accident which occurred on that date, and that National, as the compensation insurer of plaintiff's employer in 1968, is liable to plaintiff for the compensation benefits which are due.
Plaintiff has suggested that it would not be proper for us to determine whether the 1969 accident contributed to Pender's disability, because plaintiff has never asserted a claim against Southern Farm, and he has not been made a party to the contest between National and Southern Farm. We are unable to agree with that argument. The issue as to whether the 1969 accident contributed to plaintiff's disability is one of the principal issues raised in the third party demand of National and the reconventional demand of Southern Farm. That issue was determined by the trial court, and it is properly before us on this appeal.
Prior to the trial National filed an exception of non joinder, alleging that plaintiff's disability resulted solely or partially from the November 1, 1969, accident, that Southern Farm was the employer's compensation insurer at that time, and that Southern Farm thus is an undispensable party and should be joined as a defendant. That exception apparently was overruled by the trial court, and National argues that the court erred in failing to sustain it. We think it is unnecessary to consider that exception here, since we have concluded that plaintiff's disability resulted solely from the injury which he suffered on July 12, 1968, and that it was not attributable, either wholly or in part, from the accident which occurred on November 1, 1969.
We find no error in the judgment of the trial court which rejects the third party demands of National against Southern Farm. Since we have found that plaintiff's disability cannot be attributed, even partially, to an accident which occurred while Southern Farm was the employer's insurer, it necessarily follows that Southern Farm is not liable for any of the compensation benefits which may be due plaintiff because of an accident which occurred before Southern Farm's policy became effective. National thus has no right to recover from Southern Farm.
National argues that it is entitled to credit for all compensation benefits which have accrued to plaintiff up to the present time. It points out or contends: (1) That National paid all of the weekly benefits due plaintiff from July 12, 1968, until March 20, 1969; (2) that plaintiff suffered no disability from March 20, 1969, until December 5, 1969, since he was able to work and to earn his full salary during that period; (3) that plaintiff received his full wages as a gratuity from December 5, 1969, until May 1, 1970; and (4) that since May 1, 1970, Pender has received full compensation benefits from Southern Farm. National takes the position that it is entitled to credit for all of the above mentioned payments, and that accordingly we should decree that all compensation benefits due plaintiff from July 12, 1968, until the present time, have been paid.
The trial judge decreed that credit was to be allowed the defendant "for previous compensation benefits paid," but he did not specify which of the above mentioned payments should be included as credits. Since an issue as to credits has been raised here, we think the judgment should be amended to specify which of the above mentioned credits should be applied to the indebtedness of National for compensation benefits.
National clearly is entitled to credit for the compensation benefits which it paid to plaintiff covering the period from July 12, 1968, until March 20, 1969.
We have held that Pender suffered great and substantial pain while performing the duties of his employment from March 20 until December 5, 1969, and that he thus was totally disabled within the meaning of the workmen's compensation act. He earned the wages which were paid to him during that time, however, in spite of his *101 disability, and for that reason we conclude that the salary payments made to plaintiff from March 20 to December 5, 1969, were not made as a gratuity, and that National is not entitled to apply these salary payments as a credit on the compensation due for that same period. Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377 (1962); Lindsey v. Continental Casualty Company, 242 La. 694, 138 So.2d 543 (1962); Occhipinti v. Marquette Casualty Company, 158 So.2d 389 (La.App. 3 Cir. 1963); Daigle v. Liberty Mutual Insurance Company, 205 So.2d 507 (La.App. 3 Cir. 1968).
The wages which Pender received from December 5, 1969, until May 1, 1970, were paid to him as a gratuity, and in lieu of compensation. The wages paid during that period amounted to as much or more per week as did the compensation benefits which became due between those dates. National, therefore, as the employer's insurer, is entitled to credit for the weekly compensation benefits which were owed to plaintiff during that period.
Plaintiff argues that National is not entitled to credit for wages paid after December 5, 1969, because "there was no express or implied agreement the gratuitous wages were paid in lieu of compensation." We think such an agreement is implied when the wages paid have not been earned. It has been held repeatedly that the test to be applied in determining whether wages are paid in lieu of compensation is whether the wages paid to the employee were actually earned, an issue which depends on the facts of each case. See Madison v. American Sugar Refining Company, supra; Francis v. Kaiser Aluminum & Chemical Corporation, 225 So.2d 756 (La.App. 4 Cir.1969); Daigle v. Liberty Mutual Insurance Company, supra. In the instant suit the wages were not earned between December 5, 1969, and May 1, 1970, and we hold that an agreement is implied that they were paid in lieu of compensation.
We find that National is not entitled to credit for the compensation payments which were made to plaintiff by Southern Farm. We agree with National's argument that if both accidents (the 1968 and the 1969 ones) had contributed to plaintiff's present disability, then National and Southern Farm would be liable in solido for the compensation benefits due plaintiff for that disability. The benefits due plaintiff, of course, could not exceed the maximum provided for one accident or one injury, and the amount due him would have to be prorated between the two insurers. Castille v. Trinity Universal Insurance Company, 177 So.2d 647 (La.App. 3 Cir.1965); Stansbury v. National Auto & Casualty Insurance Company, 52 So.2d 300 (La.App. 1 Cir.1951); Fontenot v. Great American Indemnity Company, 127 So.2d 822 (La.App. 3 Cir.1961). Under those assumed circumstances we think National, as one of the solidary obligors, would be entitled to credit for the payments made by Southern Farm, the other obligor. In the instant suit, however, we have concluded that the accident of November 1, 1969, did not contribute to plaintiff's disability, and that Southern Farm thus is not obligated, individually or solidarily with National, for the compensation benefits due plaintiff. There is nothing in the record to show that the payments voluntarily made by Southern Farm were made as agent for National or for its account, and we know of no grounds upon which National can claim credit on its obligation to plaintiff for the payments made to the latter by another party.
The trial judge obviously concluded that National was arbitrary or capricious in discontinuing the payment of compensation benefits on March 20, 1969, since judgment was rendered condemning it to pay penalties of 12 percent on benefits due subsequent to March 20, 1969, plus attorney's fees of $3,000.00. We have concluded that the trial court erred in awarding penalties and attorney's fees.
*102 National paid the compensation benefits due plaintiff from the date of the accident until March 20, 1969, in spite of the fact that its insured, the employer, also paid to plaintiff his full wages as a gratuity during that same period. National discontinued the payment of compensation benefits on the last mentioned date, because at or about that time plaintiff was released from further treatment by his treating physician, and he returned to his former employment as a truck driver. We feel that National could have reasonably assumed at that time that plaintiff either had recovered from his injury or that his salary was being paid to him as a gratuity. When plaintiff finally quit working on December 5, 1969, his employer continued to pay him his full salary until May 1, 1970. National cannot be held to have been unreasonable in assuming that his salary was being paid as a gratuity during that period, because we also have concluded that it was paid in lieu of compensation, and that National was not obligated to pay additional compensation benefits during that period. This suit was filed on February 17, 1970, while plaintiff was receiving this gratuity. And, before the payment of plaintiff's wages was discontinued Southern Farms began paying Pender $45.00 per week under the erroneous belief that it owed plaintiff compensation. There was a serious question as to whether Southern Farm, rather than National, owed compensation to plaintiff, and since full compensation payments were being made by Southern Farm, we find that National was not unreasonable or capricious in failing to resume the payment of such benefits before the issues raised in this suit were judicially determined.
As we have already observed, our ultimate conclusion is that National was not arbitrary or capricious in discontinuing the payment of compensation benefits on March 20, 1969, and that the trial court erred in awarding penalties and attorney's fees.
We turn now to the claim of Southern Farm, urged in its reconventional demand, that it is entitled to recover from National all, or at least one-half, of the substantial sums of money it has made to Pender as weekly compensation benefits and as medical expenses. Southern Farm contends that the trial judge erred in rejecting its demands.
The evidence indicates that Southern Farm has never been judicially compelled to make any payments to plaintiff, but that it voluntarily paid weekly compensation benefits and medical expenses to him. These payments were made, of course, because Southern Farm believed it owed them to plaintiff. There is nothing in the record to show a contractual or legal relationship between National and Southern Farm which could serve as the basis for Southern Farm's claim, and we have been referred to no legal authorities which we think support its demands. We thus find no error in the judgment of the trial court rejecting Southern Farm's reconventional demands.
Finally, plaintiff filed a motion in this court to dismiss the appeal of Southern Farm on the ground that the latter "was granted the relief sought in the trial court." The record shows that the trial court rejected Southern Farm's reconventional demands, and it appealed from that judgment. There is no merit to the motion to dismiss the appeal, therefore, and the motion is denied.
For the reasons herein set out, the judgment rendered by the trial court determining the issues presented in plaintiff's original suit against National Fire and Marine Insurance Company is amended in the following particulars: (1) That part of the judgment which awards penalties and attorney's fees to plaintiff is deleted, and plaintiff's demand for such penalties and attorney's fees is hereby rejected; (2) defendant, National Fire and Marine Insurance Company, is decreed to be entitled to credit for all weekly compensation benefits which accrued to plaintiff from July 12, 1968, until March 20, 1969, and from *103 December 5, 1969, until May 1, 1970. In all other respects the judgment rendered on plaintiff's original demand for compensation benefits is affirmed.
The judgment rendered by the trial court rejecting the third party demands of National Fire and Marine Insurance Company, and rejecting the reconventional demands of Southern Farm Bureau Casualty Insurance Company, is affirmed.
The costs of this appeal are assessed to defendant, National Fire and Marine Insurance Company.
Amended and affirmed.