355 So.2d 1079 (1978)
Luther McGEE
v.
STATE of Louisiana, Through its Agent, BOARD OF COMMISSIONERS, PORT OF NEW ORLEANS.
No. 8919.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
*1080 Denis A. Barry, New Orleans, for Luther McGee, appellant.
Keith W. Petrie, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for Board of Commissioners of the Port of New Orleans, appellee.
Before REDMANN, BOUTALL and BEER, JJ.
BOUTALL, Judge.
Luther McGee sued for workmen's compensation benefits claiming total and permanent disability, and prosecutes this appeal from a judgment awarding partial benefits. His employer, Board of Commissioners, Port of New Orleans, also appeals.
The trial judge found McGee to be only partially disabled and granted him benefits at the rate of $18.59 per week for 175 weeks, subject to a credit of 42 weeks during which McGee worked and received wages in lieu of compensation, and further credit of $650 compensation already paid. Appellant McGee disputes each of these items, contending 1.) that he is totally and permanently disabled; 2.) that no credit should be granted for the 42 weeks for which he was paid wages because he worked in severe pain; and 3.) he should have been granted penalties and attorney's fees for nonpayment of his claim. The appellant Board of Commissioners contends that the judgment improperly allows benefits for this injury at a time when McGee is receiving maximum benefits due to a second, unrelated injury.
While at work on July 13, 1974, McGee slipped and injured his right knee. His doctor examined the knee and offered some treatment, telling him to stay off the knee for a while, and on July 22, 1974 he returned to work. His knee problem did not resolve however, and he continued treatment with other doctors from October to January 6, 1975, at which time he was hospitalized for surgical repair of a tear of the right medial meniscus. Up to this time, plaintiff had been paid his usual salary by the employer. Beginning January 6, he was paid accident compensation of $65.00 per week to March 17, 1975. He returned to work for his employer from that date until his second injury, an injury to the back unrelated to this, on July 28, 1975, and was paid wages up to that time. From July 28 he has received compensation of $65.00 per week for his second injury.
The basic issue to be determined is the extent of the claimant's injuries.[1] Plaintiff testifies, and the medical records show, that plaintiff continued to experience some difficulty with his right knee, and it was some time before the doctors were able to ascertain with certainty that he was suffering from a cartilage tear in the knee. The extent of McGee's pain and suffering, and the inability to do his work as a carpenter during this period are in dispute. If McGee's testimony is to be wholly believed, he has worked with such pain and suffering *1081 as to entitle him to compensation benefits above the wages paid. In opposition to this his employer has introduced evidence to show that he worked the same as any of the other workmen during this period, and that his complaints of pain were only occasional. The medical reports show that the treating physicians believed McGee could continue to work adequately with his injuries, but considering their findings of fluid on the knee, etc., it was obvious that he did suffer some pain.
The conclusions of the trial judge are somewhat ambiguous because he found that McGee was only partially disabled during this period, yet at the same time granted the employer credit for wages paid in lieu of compensation. There is ample evidence to support a finding of partial permanent disability to McGee's leg, R.S. 23:1221 (4h and o) and we agree with the trial judge's conclusion in that respect, but we cannot agree with the conclusion that McGee received wages in lieu of compensation.
The basic test for determining whether wages are paid in lieu of compensation is whether the wages paid after the injury are actually earned. This is determined by the facts and circumstances of a particular case. Madison v. American Sugar Refining Co., 243 La. 408, 144 So.2d 377 (1962); Francis v. Kaiser Aluminum & Chemical Corp., 225 So.2d 756 (La.App. 4th Cir. 1969); Pender v. National Fire and Marine Insurance Co., 255 So.2d 95 (La.App. 3rd Cir. 1971).
McGee testified that after the first week he returned to work doing his regular duties as a carpenter. Not only was he not put on light work, but he continued to work overtime during most of the period. His testimony is clear that, even though he worked with pain and was forced to change his method of doing some work because of inability to fully bend his knee, he did all of the work that was normally required of him. The employers' witnesses (one appearing and one stipulated) testified that they worked alongside of McGee and he did his work the same as anyone else. There is no substantial evidence to contradict this and, except for the first week, McGee clearly earned his wages. The facts of partial disability and earned wages apply equally to McGee's condition after he resumed work following his operation. Accordingly, we hold the trial judge in error in awarding credit to the employer for 42 weeks of wages paid in lieu of compensation and reduce the credit to one week.
The last issue raised by McGee is his prayer for penalties and attorney's fees for failure to the employer to pay benefits timely. In view of the dispute between them, and considering the ruling of the trial court, we cannot say the payments were unreasonably withheld, and so deny them.
Passing to the employer's contentions, we note that the employer has been paying maximum benefits for the second accident since July 28, 1975 under the provisions of LRS 23:1202 (1973 Amendment). The statute provides for a maximum compensation at the rate of $65.00 per week, and it has been determined that the benefits due plaintiff from more than one accident or injury cannot exceed the provided maximum. See Stansbury v. National Auto & Casualty Insurance Company, 52 So.2d 300 (La.App. 1st Cir. 1951), amended on other grounds 52 So.2d 331; Pender v. National Fire & Marine Insurance Company, 255 So.2d 95 (La.App. 3rd Cir. 1971); Carter v. Tri-State Insurance Company, 259 So.2d 433 (La.App. 2nd Cir. 1972). In this case, both accidents occurred while plaintiff was employed by the same employer and covered by the same insurer. Basically, they are required to pay $65.00 per week maximum and no more. The rule is that the benefits paid are to be prorated between the insurors so as not to exceed the maximum benefits. In this case, since the employer and the insurer are the same, it appears to make little difference, and especially insofar as the employee is concerned. However, we order the judgment amended in accordance with this view.
The Board of Commissioners further contends that the trial court was in error in *1082 awarding court costs against it. LRS 13:4521, Dragon v. Orleans Parish School Board, 347 So.2d 306 (La.App. 4th Cir. 1977); Jenkins v. Orleans Parish School Board, 310 So.2d 831 (La.1975). The judgment should be amended in accordance with LRS 13:4521.
For the reasons above expressed, the judgment appealed from is amended to provide that the credit of 42 weeks is reduced to a credit of 1 week only, that the weekly payments due thereunder shall be prorated where applicable with the payments made by the defendants on plaintiff's second claim, not to exceed $65.00 per week, and the defendant is cast for costs only as provided in LRS 13:4521. As thus amended, the judgment is affirmed.
AMENDED AND AS AMENDED, AFFIRMED.
NOTES
[1] The parties have stipulated that the correct weekly benefit is either the maximum of $65 or $18.59.