368 So.2d 1149 (1979)
J. T. JOYNER, Plaintiff-Appellee,
v.
HOUSTON GENERAL INSURANCE COMPANY et al., Defendants-Appellants.
No. 6859.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*1150 Gold, Little, Simon, Weems & Bruser, Edward E. Rundell, Alexandria, Antoon, Dalrymple & Beck, Joseph T. Dalrymple, Alexandria, for defendants-appellants.
Watson, Murchison, Crews & Arthur, R. Raymond Arthur, Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY, and CUTRER, JJ.
DOMENGEAUX, Judge.
This is a workmen's compensation suit brought by plaintiff, J. T. Joyner, against two insurers, Houston General Insurance Company and Rockwood Insurance Company.
Joyner was employed as a Game Warden by the Louisiana Department of Wildlife and Fisheries. On December 27, 1975, he suffered a heart attack while in the course and scope of his employment. He was in and out of the hospital several times following the heart attack and did not return to work for several months. On August 9, 1976, he filed suit against the then compensation insurer for his employer, Houston *1151 General Insurance Company, for compensation benefits. However, before the case proceeded to trial, Houston General paid the compensation benefits due, as well as certain medical expenses. Rather than dismissing the suit, plaintiff kept the matter in abeyance, awaiting further developments.
Plaintiff returned to work as a Game Warden in the fall of 1976. Compensation benefits were terminated by Houston General on October 17, 1976. Plaintiff continued to work until March 28, 1977, when, in the course and scope of his employment, he suffered a second heart attack. Plaintiff has not returned to work since the date of the second heart attack.
During the interval between the first heart attack on December 27, 1975, and the second heart attack on March 28, 1977, the compensation insurer for the employer changed from Houston General to Rockwood Insurance Company.
On August 5, 1977, plaintiff filed an amending petition to the original one filed on August 9, 1976, adding Rockwood Insurance Company as an additional defendant. Defendant pleaded for compensation benefits against Houston General or, in the alternative, against Rockwood, as well as for penalties and attorney's fees.
After a hearing, the trial judge found that plaintiff was permanently and totally disabled as a result of the heart attack occurring on March 28, 1977. Consequently, judgment was rendered against Rockwood Insurance Company for $95.00 per week from March 28, 1977, for as long as plaintiff remained disabled. Rockwood was also found responsible for medical bills arising after March 28,1977, and it was cast for penalties and attorney's fees. Additionally, the trial judge found that certain medical expenses incurred after the first heart attack, but before the second heart attack, were still unpaid. He cast Houston General for the cost of these expenses. All court costs, including expert witness fees, were assessed against Rockwood.
From this judgment, both Rockwood and Houston General have appealed. Plaintiff has answered the appeals, seeking an increase in the award of attorney's fees.
Rockwood contends on appeal that the trial judge should have found plaintiff disabled from the date of the first heart attack, and that, therefore, Houston General should be liable for compensation benefits. In the alternative, it contends that both heart attacks contributed to plaintiff's disability, and that, therefore, Houston General should be liable in solido with it for compensation benefits. Finally, Rockwood contends that the trial judge was in error in casting it for penalties and attorney's fees.
Houston General argues on appeal that certain of the hospital bills which it was condemned to pay were unrelated to plaintiff's first heart attack.

I. THE CAUSE OF PLAINTIFF'S DISABILITY.
At the outset, it is to be noted that neither insurer argues on appeal that plaintiff is not disabled at this time, nor do they deny that plaintiff is entitled to compensation benefits. The only question deals with whether Houston General or Rockwood, or both, should pay.
The law dealing with successive injuries in workmen's compensation cases was summarized in Scott v. Hartford Accident & Indemnity Company, 302 So.2d 641 (La.App. 3rd Cir. 1974). In that case, we stated:
"If either accident was the sole cause of plaintiff's disability, only one of the defendant-insurers would be liable for compensation benefits, payable on account of total disability. . . .
However, if plaintiff's present disability is due to a combination of both incidents or by virtue of the second accident aggravating the prior injury, both the present compensation insurer and the insurer at the time of the first accident would be liable in solido for compensation benefits. . . ." [Citations omitted]
302 So.2d at pages 644 through 645.
Thus, in the instant case, the threshold issue is primarily one of fact to determine which accident was the disabling one.
*1152 The medical evidence in this case consisted of the testimony of two physicians, Dr. A. E. McKeithen and Dr. Eleanor M. Worsley, who treated plaintiff after his first and second heart attacks, respectively.
With regard to plaintiff's disability after the first heart attack, Doctor McKeithen testified that he recommended that plaintiff return to work after his first heart attack and that such a return was not dangerous as long as plaintiff was careful. The doctor explained that plaintiff was not to do any physical exertion, and he was to stay close to a radio in the event of an emergency. Although the doctor stated that, after the initial heart attack, plaintiff ran a greater risk of becoming ill again than one who had no previous problems, he thought that, considering both plaintiff's physical and mental well-being, plaintiff should return to his work as a Game Warden.
We think it apparent that plaintiff was not totally disabled after he recovered from his first heart attack under the amended compensation act, specifically La. R.S. 23:1221. Plaintiff returned to the same position in which he was employed prior to the first heart attack. He earned the same or greater wages, and there was no evidence that he was working in substantial pain.[1] Under these circumstances, it cannot be argued seriously that plaintiff was totally disabled at that time. Rachal v. Highlands Insurance Company, 355 So.2d 1355 (La.App. 3rd Cir. 1978), writ denied 358 So.2d 645 (La.1978); Phillips v. Dresser Engineering Company, 351 So.2d 304 (La. App. 3rd Cir. 1977), writ denied 353 So.2d 1048 (La.1978).
With regard to whether both heart attacks contributed to plaintiff's disability, the deposition of Doctor Worsley, who treated plaintiff after his second heart attack, is significant. She testified that the initial electrocardiogram run after the second heart attack revealed that plaintiff had scars on the anterior, or front part, of the heart, which the doctor attributed to the 1975 infarction, and evidence of a very recent infarction on the posterior, or rear part, of the heart. Doctor Worsley stated that the two infarctions involved two different areas of the heart and that different vessels to the heart were involved in each. She also stated that the second heart attack did not aggravate the first one.
We think that, under the facts presented in this case, the trial judge was not manifestly erroneous or clearly wrong in determining that the two heart attacks were separate and that only the second one, and not the first one, or a combination of the two, was the cause of plaintiff's disability.
Admittedly, the issue is a close one. Neither expert testified that, had it not been for the first heart attack, the second one would not have occurred. Conversely, neither testified that the second one occurred as a result of the first one. The medical issue was not that clear cut. In the absence of more specific medical evidence, we simply do not feel that the trial judge can be said to be manifestly erroneous or clearly wrong in his factual determination.[2]Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
Since plaintiff's disability in this case can be attributed to the second heart *1153 attack, Rockwood Insurance Company was properly cast with the burden of paying compensation benefits.

II. MEDICAL EXPENSES.
Houston General contends on appeal that the medical expenses for plaintiff's hospitalization from February 15th to March 8th, 1976, and from April 2nd to April 8th, 1976, should not have been awarded because these visits were not connected to plaintiff's first heart attack on December 27, 1975.
Although the hospital charts for these two periods of hospitalization show the patient's diagnosis as pneumonia, Doctor McKeithen, in his deposition, clearly related these visits back to plaintiff's initial heart attack. He stated that the conditions necessitating these two periods of hospitalization were merely complications of plaintiff's initial injury. Under these circumstances, Houston General was properly cast for payment of these medical expenses.

III. PENALTIES AND ATTORNEY'S FEES.
The trial judge found Rockwood liable for statutory penalties and attorney's fees in the amount of $2,500.00 for its failure to pay compensation benefits timely. Houston General was not cast for penalties and attorney's fees.
Rockwood contends that there was a valid dispute as to which insurer was liable for compensation benefits, and that this dispute serves as reasonable justification for its denial of benefits.
A dispute between two insurers as to which one owes compensation benefits is not justifiable grounds for withholding these benefits. The battle is between the two insurers and should not be waged at the expense of the injured workmen. Humphreys v. Marquette Casualty Company, 235 La. 355, 103 So.2d 895 (1958); Carney v. Liberty Mutual Insurance Company, 277 So.2d 175 (La.App. 3rd Cir. 1973).
Plaintiff has answered the appeal, contending that the award of $2,500.00 for attorney's fees should be increased, and that additional attorney's fees should be awarded for the prosecution of this appeal. Considering the work involved in the trial of this case, we think the $2,500.00 awarded by the trial judge was within the bounds of his discretion. However, we conclude that the additional sum of $500.00 should be awarded for the services rendered on appeal. Bonnette v. Travelers Insurance Company, 367 So.2d 1261 (La.App. 3rd Cir. 1979); Trahan v. Rockwood Insurance Company, 284 So.2d 659 (La.App. 3rd Cir. 1973); Carney v. Liberty Mutual Insurance Company, supra.
For the above reasons, the judgment of the District Court is amended to increase the amount of attorney's fees awarded in favor of plaintiff and against the defendant, Rockwood Insurance Company, from $2,500.00 to $3,000.00. In all other respects, the judgment is affirmed.
AFFIRMED AS AMENDED.
NOTES
[1] There was some evidence that plaintiff occasionally experienced chest pains after the first heart attack. However, Doctor McKeithen attributed these pains to indigestion, and it does not appear that they were continually severe.
[2] This case is to be contrasted with the case of Scott v. Hartford Accident & Indemnity Co., supra. In the Scott case, a nursing home aide and laborer injured her back two times, with both injuries occurring in the course and scope of her employment. At the time of the first accident, Hartford Accident & Indemnity Company was the insurer; at the time of the second accident, Houston General was the insurer. The issue in the ensuing suit for compensation benefits was whether Hartford or Houston General, or both, were liable. The trial judge found that only the second accident caused plaintiff's disability. On appeal, we reversed, finding that the medical evidence clearly indicated that the second accident was "an acute re-acceleration or aggravation of the pre-existing condition." In the instant case, the medical evidence does not indicate an acceleration or aggravation of a pre-existing condition.