ARMSTRONG, Judge.
Plaintiff sued for workers compensation. Defendant filed an exception of prescription which was maintained by the trial court. Plaintiff appeals. We affirm.
Plaintiff-Appellant, Conrad Dobler, was a professional football player. In 1978 Do-bler joined the New Orleans Saints Football team. As compensation for joining the team Dobler received a $60,000.00 signing bonus and entered into a contract at a salary of $115,000.00 to be paid in 16 weekly installments, ending in December of 1978.
Dobler injured his knee in the third game of the 1978 football season. He underwent surgery and rehabilitation but did not play the remainder of the season. In fact, Do-bler’s leg remained in a cast until late November or early December of 1978. For the remainder of the 1978 season Dobler underwent rehabilitation under the direction of the team trainer and had to report each weekday morning for a work *177 out. During this period Dobler was placed on “injured reserve” status.[1] Dobler did however receive all of his 1978 salary as specified by his contract with the Saints.
In October of 1981 Dobler filed suit claiming that he was entitled to workers compensation benefits. Appellees, the New Orleans Saints, and their insurer, United States Fidelity and Guaranty Co., Inc. answered and filed an exception of prescription which was referred to the merits of the case.
A trial was held on April 15,1985 and on May 9, 1985 the trial court rendered judgment maintaining the exception of prescription and dismissing the case with prejudice.
After a careful study of the record and exhibits, we find that the trial court’s findings are correct and its resolution of the case is proper. We adopt Judge Katz’s reasons for maintaining the exception of prescription as our own opinion in this case. We set forth those reasons as follows:
Has the claim of Conrad Dobler prescribed?
R.S. 23:1209 provides that a claim for workman compensation benefits prescribes within one year after the accident unless the parties have agreed to payments to be made under the compensation act or unless suit is filed within one year after the accident. This section provides however that if payments are made then the limitation shall not take effect until the expiration of one year from the time of the making of the last payment except with respect to a partial disability in which case the plaintiff shall have three years from the making of the last payment. There is, however, one further caveat under this section and that is that if the injury did not result at the time of or develop immediately after the accident then the limitation shall not take effect until the expiration one year from the time the injury develops but in all such cases under this section the claim shall be forever void unless proceedings have been begun within two years from the date of the accident.
The plaintiff filed suit on October 21, 1981.
The plaintiff contends that the wages paid to him in 1978 during the period that he was unable to play football actually constitute wages in lieu of compensation and therefore he had three years under R.S. 23:1209 within which to file suit for partial disability.
This Court disagrees.
The Third Circuit in LeBlanc v. Mangel’s of Louisiana, 306 So.2d 422 (Third Circuit, 1975), writs refused, at page 426 states that:
“The basic test in Louisiana for determining whether wages are paid in lieu of compensation is whether the wages paid after the injury are actually earned ... This issue depends on the facts of each case ... No inference arises that wages were paid in lieu of compensation for the fact that the work performed after the accident was lighter or dissimilar from that done prior to the accident ... Although the plaintiff’s duties had changed somewhat since the accident, there is no indication in the record that her employer was paying her gratuitously. She was paid by her employer in consideration for remaining as manager of the defendant’s store in Crowley.”
Although Mr. Dobler could not play football or practice while he was injured he could certainly have been required by the team to attend the practices and all team sessions as well as assisting in other *178 areas that they may have wished to exercise or use his abilities. The fact that they chose not to require him to attend many sessions or to assist does not obviate the fact that they could have required him to do so. He did testify that he was required to attend physical therapy and to participate in a light lifting and weight program.
Therefore, the Court finds that the payments to the petitioner were earned payments under his contract and not wages in lieu of compensation. Therefore, his claim has prescribed.
Accordingly, for the reasons assigned by the trial court the judgment of the trial court is affirmed.
AFFIRMED.

. Testimony at trial described placement on injured reserve status as follows:
The injured reserve rule was a rule or status whereby a player could be removed from the active list and he would still remain under contract to the club if the club was obligated and he was under contract on the injured reserve list the player was not eligible to negotiate with any other team as long as he remained under contract ... the player who has been injured has an obligation to follow the rehabilitation that has been set up for him and to do all of the things that the rehabilitation person asks of him at that time ... The expert witness also indicated that the
injured reserve player could be required to be on the sidelines games and to participate in practices.