515 So.2d 1120 (1987)
Nolan FRANZ
v.
The NEW ORLEANS BREAKERS, LIMITED PARTNERSHIP, dba Breakers, Inc.
No. 87-CA-346.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1987.
*1121 Magdalen C. Blessey and Robert H. Urann, Gardner, Robein & Healey, Metairie, for plaintiff/appellant.
Jan P. Jumonville, Ward & Clesi, New Orleans, for defendant/appellee.
Before GAUDIN, GRISBAUM and WICKER, JJ.
WICKER, Judge.
Plaintiff, Nolan Franz, appeals the dismissal of his worker's compensation suit against defendant, the New Orleans Breakers, on prescriptive grounds. He raises two issues: the commencement of the prescriptive period and the payment of wages allegedly in lieu of compensation. We affirm.
Nolan was playing professional football on February 12, 1984, with the New Orleans Breakers when he allegedly injured the little finger of his left hand. Franz apparently had medical attention and notified the Breakers' trainer, Stan Wong, who filed a report with the Department of Labor, Office of Worker's Compensation.[1] Franz had surgery on the finger in August 1984 but continued to play football during 1984 and 1985, allegedly with reduced performance. The Breakers paid Franz on a regular basis until the expiration of his contract at the end of 1985.
Franz submitted his claim for worker's compensation benefits to the Office of Worker's Compensation on September 10, 1985; and on October 10, 1985, the Office found that Franz's claim had prescribed. The Office certified by letter dated October 28, 1985, that one of the parties (Franz) had rejected this finding and had sixty days from the date of the letter or within the period established by R.S. 23:1209, whichever came last, to file suit on his claim.
Ray Haddad, M.D., Franz's orthopedic surgeon, assessed a fifty-percent permanent partial disability of the left little finger on January 10, 1986. Nevertheless, Franz has continued to play football with the Green Bay Packers since that date.
Franz filed suit against the Breakers on March 21, 1986; and the Breakers responded with an exception of prescription. The trial judge dismissed Franz's case with prejudice, finding either prescription or peremption applied.
Franz argues that the applicable prescriptive period did not begin until Dr. Haddad assigned a percentage disability to him, since he did not know until that date "that he was substantially unable to perform the duties of employment as a professional football player." Alternatively, Franz argues that the contract payments he received through 1985 were "wages in lieu of compensation" under the terms of the Worker's Compensation Act. Finally, Franz argues that the applicable statute permits filing of an administrative claim within two years of the injury.
The prescriptive period is governed by two statutes, L.S.A.-R.S. 23:1311 and 1209.
R.S. 23:1311 A. If any party rejects the recommendation of the office [of Worker's Compensation], the employee ... shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court.... (Emphasis added.)
R.S. 23:1209 A. In case of personal injury..., all claims for payments shall be forever barred unless within one year after the accident ... the parties have agreed upon the payments to be made *1122 under this Chapter, or unless within one year after the accident a formal claim has been filed [with the Office of Worker's Compensation].... Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
The Worker's Compensation Act provides a two-stage proceeding, one administrative and one judicial. Franz's right to seek redress by either of these proceedings has prescribed on the face of the pleadings.
The Act allows the filing of an administrative claim within one year of the accident. L.S.A.-R.S. 23:1209. Franz's claim was not filed until one year and seven months following the accident and was prescribed on its face. The letter of certification added an additional prescriptive period: six months from the receipt of the letter or "within the period established by R.S. 23:1209, whichever occurs last...." suit must be filed in court. L.S.A.-R.S. 23:1311 A. R.S. 23:1209 and 1311 A permit suit to be timely filed within one year from the accident or within one year from the time the injury develops. However, R.S. 23:1209 establishes an absolute limit on filing of two years from the date of the accident. Thus, by calculation under either statute, Franz's claim was prescribed on its face.
The Fourth Circuit case of Francosi v. South Cent. Bell Telephone Co., 492 So.2d 213 (La.App.1986) writ den. 495 So.2d 302 (La.1986), outlined the relationship between L.S.A.-R.S. 23:1311 and 1209.
Plaintiff, in rejecting the Office of Worker's Compensation's recommendation, became subject to LA.R.S. 23:1311. This statute provides that when any party rejects the recommendation made by the Office of Worker's Compensation, the employee seeking worker's compensation benefits must file a verified petition in a district court of competent jurisdiction within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, which ever occurs last.
The general rule under R.S. 23:1209 is that an employee has one year from the date of the accident to file an action for worker's compensation benefits. Where the injury does not develop immediately, the employee has one year from the time that disability develops to bring suit, but in all such cases, suit must be brought within two years of the accident. (Footnote omitted.)
Franz argues that he was not aware of his disability until Dr. Haddad's letter of January 10, 1986. The allegations of his brief and admissions in his affidavit show otherwise. Franz claims that his injury "resulted in immediate pain and suffering and required medical attention...." An injury report was filed on May 15, 1984; and Franz had surgery on his finger in August of that year to halt "progressive degeneration." In the 1984 and 1985 playing seasons, he claims it was necessary for him to play with his fingers on his left hand taped together and that his performance was progressively plagued by limitation of twenty-five to thirty percent of his capacity. All these allegations point to an awareness of disabling injury long before Dr. Haddad's diagnosis.
There is no evidence before us that Franz's condition took a turn for the worse or that it was any different in January 1986 from what it was in February 1984.
The bare, totally unsupported contention that an injury occasioned on some particular date did not manifest itself until some later date is not a sufficient basis upon which to require the defendant to prove prescription when, on the face of the pleadings, prescription has taken its toll.
*1123 Peck v. Orleans Levee Bd., 353 So.2d 424, 426 (La.App. 4th Cir.1977), writ den. 355 So.2d 259 (La.1978). Furthermore,
... where the employee knows of the injury at the time of its occurrence and is aware that he has a valid compensation claim, a later medical diagnosis of disability, standing alone, does not cause the statutory one year prescription to begin to run at the time of such a diagnosis.
Kerr v. Jefferson Truck Lines, 389 So.2d 729, 730 (La.App. 4th Cir.1980), writ den. 396 So.2d 1351 (La.1981).
In any event, even assuming that Franz's accident did not become a disability until Dr. Haddad's diagnosis, "no suit may be brought more than two years after the accident complained of." Swearingen v. Air Products & Chemical, Inc., 481 So.2d 122, 124 (La.1986).
Franz's alternate argument, that prescription was suspended by wages paid to him in lieu of compensation, has no merit. The test to determine if wages were paid in lieu of compensation is whether the wages are actually earned by the employee. Peck v. Orleans Levee Bd., supra. Accord: Cheatham v. Morrison, Inc., 469 So.2d 1219 (La.App. 1st Cir.1985). There has been no showing that Franz's duties were in any way different or lighter following his injury or that his wages were not actually earned. Such a showing is a prerequisite for our holding that contract payments to Franz were wages in lieu of compensation.
The burden of proving that his claim has not for some reason prescribed is on Franz. Drane v. City of New Orleans, 328 So.2d 752 (La.App. 4th Cir.1976). We find that he has not met his burden. We find no manifest error in the trial court's decision and therefore affirm. Franz is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] These factual allegations and those that follow were furnished the court in the briefs of the parties. Because of the procedural posture of the case, there is very little actual evidence before us.