643 So.2d 1302 (1994)
Bryan Delaney BLEDSOE
v.
WILLOWDALE COUNTRY CLUB.
No. 94-CA-234.
Court of Appeal of Louisiana, Fifth Circuit.
September 27, 1994.
*1303 Steven C. Judice, Baton Rouge, for defendant/appellee.
James E. Cazalot, Jr. and H. Edward Sherman, New Orleans, for plaintiff/appellee.
Anthony Reginelli, Jr., Christovich & Kearney, New Orleans, for defendant/appellant.
Before GAUDIN, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal arises from a worker's compensation claim brought by the claimant/appellee, Brian Delaney Bledsoe, against two insurers, Highlands Insurance Co., defendant/appellant, and Louisiana Construction & Industry Self Insurers Fund, defendant/appellee. Bledsoe sustained two work-related accidents while employed for the defendant/appellee, Willowdale Country Club. Highlands was the insurer for the first accident, which occurred on September 29, 1987, while Louisiana was the insurer for the second accident, which took place on July 16, 1991. The hearing officer found the two insurers liable in solido and awarded Bledsoe temporary total disability with weekly compensation of $282.00 beginning November 16, 1991. He was also awarded penalties, attorney's fees, costs, medical expenses and travel expenses.
Highlands now appeals, urging that Bledsoe's claim for the first accident has prescribed. We amend and, as amended, affirm.
In determining the in solido liability of the two insurers the hearing officer relied upon the case of Joyner v. Houston Gen. Ins. Co., 368 So.2d 1149 (La.App. 3rd Cir.1979). This case did not deal with prescription but instead dealt with causation. The Joyner court held at 1151 [quoting Scott v. Hartford Accident & Indemnity Company, 302 So.2d 641 (La.App. 3rd Cir.1974) at 644-645]:
"If either accident was the sole cause of plaintiff's disability, only one of the defendant-insurers would be liable for compensation benefits, payable on account of total disability....
However, if plaintiff's present disability is due to a combination of both incidents or by virtue of the second accident aggravating the prior injury, both the present compensation insurer and the insurer at the time of the first accident would be liable in solido for compensation benefits...." [Citations omitted]
Highlands filed the exception of prescription in the proceeding below. At the beginning of trial the prescription exception was argued. Bledsoe's counsel argued Bledsoe was paid his wages in lieu of compensation while disabled and that such payment interrupted prescription.
Unlike the case at bar, however, in both Joyner and Scott prescription was not at issue since a claim for worker's compensation benefits had been filed for the first of the two accidents.
*1304 We note both the judgment and reasons in the present case were silent as to the prescription issue.
In DiCarlo v. Laundry & Dry Cleaning Service, 178 La. 676, 152 So. 327 (La.1933), the Louisiana Supreme Court held at 329 that a judgment "silent as to the plea of prescription presented to the lower court [m]ust be considered overruled." See also American Bank & Trust Co. v. French, 226 So.2d 580 (La.App. 1st Cir.1969).
The hearing officer also gave no reasons as to why the exception was being overruled. He evidently concluded prescription had been interrupted since the claim was prescribed on its face.
Bledsoe did not file his claim for the September 29, 1987 accident until December 5, 1991, which was then more than two years after the date of the accident. As explained by the First Circuit in Holmes v. Baton Rouge Water Works Co., 558 So.2d 629 (La. App. 1st Cir.1990) at 631:
Generally, a worker's compensation claim is barred unless asserted either one year from the date of the accident. When the injury does not result at the time of the accident or does not develop immediately after the accident the one year limitation does not take effect until one year from the time the injury develops. In such cases, however, the claim is forever barred unless instituted within two years of the accident. La.R.S. 23:1209(A).
On appeal Highlands specifies the following error:
The hearing officer erred in not finding that the claim of Brian Bledsoe for compensation benefits relating to the September 29, 1987 incident prescribed pursuant to La.R.S. 23:1209, thereby precluding claimant's right to any benefits from Highlands.
The two-year provision in La.R.S. 23:1209(A) is prescriptive and not preemptive. Lester v. Rebel Crane and Service Company, 393 So.2d 674 (La.1981). Prescription is interrupted by the payment of wages in lieu of compensation when suit is filed within one year of such payment. Id.
We have also recognized interruption "when the employer lulls the employee into a false sense of security and thereby discourages the filing of a lawsuit." Latino v. Binswanger Glass Co., 532 So.2d 960 (La.App. 5th Cir.1988) at 962 [citing Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972)].
As explained in Davis v. United General Ins. Co., 631 So.2d 572 (La.App. 3rd Cir. 1994) at 577:
To prove he was lulled into a false sense of security, a claimant must show that words, actions or inactions on the part of the employer or insurer induced him to withhold suit until his claim prescribed ...
If an injured employee actually earns wages after the accident, they are not considered wages in lieu of compensation and do not interrupt the prescriptive period even if the employee works in pain ... Conversely, the payment of wages in lieu of compensation will interrupt prescription just as compensation payments would ... [citations omitted].
We have also held that "[t]he test to determine if wages were paid in lieu of compensation is whether the wages are actually earned by the employee." Franz v. New Orleans Breakers, Ltd. Partnership, 515 So.2d 1120 (La.App. 5th Cir.1987) at 1123. In Franz we determined there had been no showing the claimant's "duties were in any way different or lighter following his injury that his wages were not actually earned. Such a showing is a prerequisite for our holding that contract payments to [the claimant] were wages in lieu of compensation." Id. at 1123. We also held that the burden of proving the claim was not prescribed was on the claimant. Id.
Bledsoe testified that he continued to be paid his salary from the date of the 1987 accident until November 1991. He had back surgery in October 1988. Following the October surgery he missed two or three weeks and then he worked a reduced work schedule of two to three days a week or more for a period of three or four months. He stated he never had so many absences from work that he asked his employer to provide him with worker's compensation. He felt he earned his salary for the years he worked. *1305 His employer never offered him a salary as a gift. Highlands paid his medical bills until the second accident, in July 1991. He also stated some bills were paid by Highlands until 1992. He further testified his duties did not change after the 1987 accident. He continued to work as the golf course superintendent. He cut grass once or twice a month; repaired equipment which entailed both heavy and light-duty work; helped move fertilizer bags weighing 50 or 100 pounds and loaded heavy items such as 55-gallon drums of chemicals and tires for the tractors.
He had pain when he worked following the 1987 accident and took pain medication. However, he felt he was doing his job "pretty well" after the 1987 accident.
Bledsoe's testimony is consistent with the testimony of Joseph Vitrano and George D. Moate.
Vitrano testified he served on the Board for the club for the years of 1987, 1988 and 1989. He was also a member of the club in 1990. He described Bledsoe's performance to be "very adequate" during these periods.
Regarding absences, he did not think the club had a way to record the days Bledsoe missed. He stated Bledsoe earned his salary and that his salary was not being paid as a form of compensation. Bledsoe averaged 40 hours or more per week of work. Bledsoe never asked for worker's compensation benefits while he was on the board. He denied trying to deceive Bledsoe so that his claim would prescribe.
Moate testified he was president of the Board in 1990 and 1991. He stated Bledsoe was paid his regular salary in 1990 and 1991. He did not know if Bledsoe exceeded his entitled number of sick days. There was no record kept of the number of days missed.
He denied Bledsoe was paid his salary in order to prevent him from later filing a worker's compensation claim. Bledsoe never requested that disability payments be started prior to the second accident.
Don Palminter, Highland's claims representative, testified he was the adjuster for the 1987 accident. Only a medical file was created since Bledsoe was not losing time at work. Highlands had been paying medical benefits up through June 1991 for the 1987 accident. He continued to pay Bledsoe's medical bills until Bledsoe informed him of a second accident. He finally discontinued paying the medical bills in May 1992 when Bledsoe filed a supplemental petition alleging the second accident.
He knew Bledsoe had surgery in October 1988 and had missed one or two weeks of work. He was also aware Bledsoe had been paid his salary.
When Bledsoe again had back surgery in October 1991 following the second accident, Highlands paid for this surgery.
Following the 1987 accident Bledsoe did not ever tell him he was unable to fulfill his job responsibilities. He never paid Bledsoe any disability benefits and Bledsoe never asked for any. By the date of trial Highlands had paid $41,340.35 in medical payments. He was never notified by the club that Bledsoe was paid a salary even though he could not fulfill his job obligation.
We find no manifest error in the hearing officer's evidently concluding Bledsoe's claim for medical expenses had not prescribed. Bledsoe's claim filed in December 1991 was timely since Highland's last payment was in May 1992. La.R.S. 23:1209(C) provides specially for the prescriptive period for medical benefits. It provides a three-year period from the date the last medical payment was made.
With regard to Bledsoe's claim for weekly indemnity benefits, however, we find manifest error in the hearing officer's evidently finding prescription had been interrupted. Bledsoe's counsel argues Bledsoe was paid wages in lieu of compensation. Bledsoe himself testified he earned his salary. Although an argument could be made Bledsoe received wages in lieu of compensation when he worked a shorter schedule for a few months following the October 1988 surgery, his claim was not filed within a year of the payment of these wages in that 1988 period. Lester, supra. There is no showing that Bledsoe's duties were different following the 1987 accident or that his wages were not *1306 actually earned. Franz, supra. Although Bledsoe testified he was taking medication he also testified he continued to perform his regular duties.
We also note there is no showing the employer or the insurer lulled him into a false sense of security to induce him to withhold suit. Furthermore,
sick leave not paid in lieu of compensation, and medicals, do not interrupt prescription. Fontenot v. South Central Bell, [422 So.2d 695 (La.App. 3rd Cir.1982)] and citations therein.
Duncan v. State, DOTD, 556 So.2d 881 (La. App. 2nd Cir.1990) at 890.
Accordingly, for the reasons stated the judgment against defendant, Highlands Insurance Co., awarding plaintiff, Bryan D. Bledsoe, weekly compensation benefits in the sum of $282.00 beginning November 16, 1991, is amended to dismiss Bryan D. Bledsoe's claim against Highlands Insurance Co. for weekly compensation benefits. The judgment is affirmed in all other respects.
AMENDED AND, AS AMENDED, AFFIRMED.