LMARION F. EDWARDS, Judge.
Plaintiff/Appellant Brian Jones appeals the judgment which dismissed his workers’ compensation claim as prescribed. Jones alleges that the trial court erred in failing to find that payment made to him by defendant, the New Orleans Saints, was wages in lieu of compensation which would have interrupted the tolling of prescription. We affirm.
Brian Jones (“Jones”) was employed by the New Orleans Saints (“the Saints”) as a professional football player when his knee was injured during a scrimmage game on July 26, 1997. Jones continued his career with the Saints for the duration of the 1997 season, but on September 8, 1998, he was released from his contract for what was deemed to be “unsatisfactory performance”. Jones was, however, compensated by the Saints for the games that he played in the 1998 season. On January 6, 1999, Jones, pursuant to Article XXII-Section 1, of the NFL Collective Bargaining Agreement, received $235,294.00 from the 13Saints, which represented the balance of his salary for the 1998 season.[1] On December 21, 1999, Jones filed a claim for worker’s compensation benefits against the Saints and the Louisiana Workers’ Compensation Corporation, (“LWCC”), stemming from the knee injury sustained in 1997. The Saints and the LWCC filed a Peremptory Exception of Prescription, which was granted by the hearing officer on October 31, 2000. Jones filed a timely appeal.

Law and Analysis

Jones argues that the trial court erred in failing to find that payment made to him by the New Orleans Saints, in January of 1999, was wages in lieu of compensation which would have interrupted the tolling of prescription. The Saints assert that the sum paid to Jones in January of 1999, represented salary that Jones had earned, and therefore can not be classified as wages in lieu of compensation sufficient to interrupt prescription.
Louisiana Revised Statute 23:1209(A), determines the prescriptive period for filing workers’ compensation claims:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not *1027 result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless |4the proceedings have been begun -within two years from the date of the accident.
As can be seen from the foregoing, prescription on a claim will be interrupted in the event that the parties have agreed to make arrangements regarding payments in lieu of compensation, and the claimant will then have one year from the time that the last payment is made by the employer to file a claim.
In the past, this Court has reasoned that “[t]he test to determine if wages were paid in lieu of compensation is whether the wages are actually earned by the employee.” [2] In the case of Dobler v. U.S. Fidelity and Guaranty Company,[3] the Fourth Circuit held that payments to an injured professional football player were not paid “in lieu of compensation” where the team could still direct the injured player to participate in team activities. In Franz v. New Orleans Breakers, Ltd. Partnership[4] this Court also addressed the issue of whether payments made to an injured professional football player by a team were earned payments under his contract or wages in lieu of compensation. In that case, we held that Nolan Franz, the injured player, had not shown that his duties were “in any way different or lighter following his injury or that his wages were not actually earned,” further noting that “[sjuch a showing is a prerequisite for our holding that contract payments ... were wages in lieu of compensation.”[5]
This Court has noted that the burden of proving that a workers’ | [¡compensation claim is not prescribed is on the claimant.[6] In this case, Jones’ alleged injury occurred on July 26, 1997. Jones continued to play for the Saints, however, and finished out the 1997 season while receiving full salary for his effort. Jones has not provided evidence that the salary paid to him in 1997 was not earned. Furthermore, Jones continued with the Saints into the 1998 season, admitting that he earned the salary for the one game in which he played. Having earned his salary from July 26, 1997 until July 26, 1998, either in the conventional sense or under the criteria outlined in Dobler and Franz, supra, it cannot be said that the payments made to Jones by the Saints during the intervening year were “payments in lieu of compensation” sufficient to interrupt prescription.
In light of the foregoing, a discussion regarding the January, 1999 payment, which is the focus of Jones’ appeal, is not necessary. It is noted, however, that the remainder of the 1998 salary paid to Jones was done so by virtue of his achievement in obtaining tenure as a professional football player in conjunction with the NFL collective bargaining agreement. It appears that the final payment was made pursuant to a contractual obligation and, by Jones own admission, would have been rendered to him regardless of the reason for his termination as long as he was released within the first eight regular season games. In summary, we find that the *1028 payments made to Jones from July 26, 1997 until September 8, 1998 were not wages in lieu of compensation which would have interrupted the tolling of prescription on his worker’s compensation claim. The Peremptory Exception of Prescription filed by the Saints and the RLWCC was therefore properly granted by the trial court.
AFFIRMED.

. Article XXII-Section 1, was not made part of the record for this panel to review. Jones, in his brief, however, explains the provision as follows: "The National Football League ("NFL”) Collective Bargaining Agreement specifies that a player with four or more years of service in the NFL is entitled to 100% of the unpaid balance of his salary if the player is released prior to the eighth regular season game.”

. Franz v. New Orleans Breakers, Ltd. Partnership, 515 So.2d 1120, 1123 (La.App. 5th Cir.1987);

. 508 So.2d 176 (La.App. 4th Cir.1987), writ denied, 512 So.2d 455 (La.1987).

. 515 So.2d 1120

. Id., at 1123.

. Siemssen v. Manpower Temporary Services, 95-80 (La.App. 5th Cir.5/30/95) 656 So.2d 1115.