CANNELLA, Judge.
Appellant, Aetna Casualty and Surety Company (Aetna), appeals from a judgment holding it liable for worker’s compensation benefits due to Ronald Price for back injuries in a work related accident. We affirm.
Price, a paid fireman for Marrero-Estelle Volunteer Fire Company No. 1 (Marrero-Estelle), was injured on April 7, 1987 when he fell while walking through the garage portion of the fire station. He slipped in an oil puddle and landed on his lower back and buttocks. He experienced immediate back pain and pain down both legs and reported the incident to his chief, who instructed him to seek medical attention. He went to the West Jefferson Medical Center emergency room where he was treated and referred to an orthopedic surgeon.
On April 8, 1987 Price went to Dr. Naum Klainer. In 1980 Dr. Klainer had treated him for a bulging disc at L-3, L-4, which had improved with traction and conservative measures and had not presented any problems in the years preceding the incident herein. For this injury, Dr. Klainer prescribed Vicodin, a pain medicine, and an anti-inflammatory medication for his discomfort. He diagnosed Price as having a lumbar sacral strain, told him he could return to work, but instructed him to avoid stress to his back. Price, who worked a schedule of 24 hours on and 72 hours off, returned to work. He continued to perform his duties: housekeeping for approximately two hours and outside maintenance. They consisted of sweeping with a push broom, washing dishes, mowing with a riding mower, hosing and cleaning the fire truck when needed and other cleaning duties. Dr. Klainer continued to refill his prescription for pain medication in May, June, July and August, although Price did not return to see him. He was still experiencing pain while working, but continued working in pain because he was fearful of losing his job. In September, Price experienced severe pain in his back and legs. He informed his supervisor and went home. He returned to Dr. Klainer, exhibiting a tilt to his spine and other severe ruptured disc symptoms. Tests confirmed that he suffered a herniated disc at L-4, L-5. As a result, he was operated on in October, 1987. During surgery, it was noted that the L-3, L-4 disc was bulging, but it was not removed then since it had presented few problems previously. Price failed to improve and in February, 1988, another M.R.I. (Magnetic Resonance Imaging) was *407 done which showed multiple levels of bulging discs. His prognosis is poor and further surgery may be required. In addition, Price has received psychiatric counseling to help him with depression, caused by his continuing disability and inability to work.
Price filed a workers compensation claim but the recommendation was rejected. He filed suit against his employer, Marrero-Estelle, and it’s workers compensation insurers, Aetna, for the period covering the April 7, 1987 incident, and Travelers Insurance Company (Travelers), Aetna’s successor since July, 1987, because they refused payment of benefits. He also sued for penalties and attorney fees for the arbitrary and capricious refusal to pay benefits under La.R.S. 23:1141. Aetna continued to refuse payment, contending that the injury resulted from a “second accident” in September when the symptoms became acute. In November, 1988, Travelers began- paying Price benefits and medical expenses, but reserved it’s right against Aetna for contribution or indemnity. Price agreed to withdraw his claim for attorney fees and penalties against Travelers. He subsequently filed a motion to partially dismiss Travelers. Travelers then filed a cross-claim against Aetna for reimbursement or indemnity.
The case was tried on March 26, 1991 on Price’s claim for attorney fees and penalties and Traveler’s cross-claim for contribution or indemnity, both against Aetna. Neither Aetna nor Travelers disputed that Price was totally and temporarily disabled and entitled to the benefits provided for that class of disability. Following trial, judgment was rendered in favor of Price and Travelers, against Aetna. Travelers was awarded $39,919.15 for reimbursement of benefits and $44,000.97 for reimbursement of medical payments, travel expenses and other expenses, all paid to Price under the Worker’s Compensation Act. Price was awarded penalties against Aetna of $10,190.41 and attorney fees of $14,557.88 pursuant to La.R.S. 23:1201.2. Aetna was also ordered to pay Price all future appropriate Worker’s Compensation benefits, medical payments and related travel expenses.
This court next considered whether Price was disabled and, if so, the kind of disability. The record contains a Pre-Trial Stipulation and Order, filed January 14, 1991 and executed by all counsel, which states that “Price’s weekly compensation rate, while temporarily and totally disabled, is $187.49.” Also, counsel for Aetna at the beginning of trial admitted that “Aetna would be willing to stipulate that the plaintiff is still temporarily and totally disabled.” In his Reasons for Judgment, the trial judge wrote that Price “... underwent two surgeries and was declared totally and temporarily disabled within the meaning of the Workers’ Compensation Act.” (emphasis added). We agree.
Aetna contends that Travelers should be held liable for Price’s injuries, because they resulted from a accident occurring after Travelers assumed coverage for the workers compensation insurance of Marrero-Estelle. Aetna recognized that Price suffered a fall in April, 1987 which required a visit to the local emergency room, but contends that he ruptured his disc while washing a fire truck in September, 1987. Aetna contends that the “second” accident caused Price’s disability. Aetna bases its position on Price’s statements to Aetna’s claims adjuster and Dr. Gorbitz, a consulting physician who saw Price one time in the hospital prior to his surgery. In those statements, Price indicated that the pain developed while he was washing the fire truck on September 23, 1987. Aetna also asserts that Price’s testimony produced inconsistencies with his deposition and that the treating physician gave contradictory testimony in his two depositions. We have read the record and disagree.
The testimony of Price and Dr. Klainer is that he continued to ask for and receive pain medication from April 7, 1987. Price stated that at the fire station, he occasionally complained of pain to his superior, but kept working. This was reflected by two entries in the September log, before September 23rd. Price said that he rested for the 72 hours he was off and that, when on *408 duty, his work only took approximately two hours to complete. He used a push broom to sweep and a riding mower to cut the grass. He stated that he usually washed the fire truck with a hose when it returned from a drive, but did not do so on every shift.
Dr. Klainer clearly related the disability of Price to the April 7, 1987 accident and refused to classify the washing of the truck as a second accident. He said that any activity could have caused the disc to rupture, because it was probably bulging from the April fall. Notably, the fire station log fails to mention that the truck was washed on the day that Aetna claims the second accident occurred.
Chief Donald Parks stated that the log should reflect the daily activities of the fireman on duty. He stated that, if an incident had occurred on September 23rd, it should have been recorded. No such incident was noted. He stated that Price’s disability was considered the same injury caused by the April fall.
Dr. Gorbitz examined Price at Dr. Klainer’s request. The history reflects that Price told him that his pain developed while washing a truck and he related the disability to that incident. Dr. Gorbitz was unaware that Price was on pain medication after the April 7, 1987 accident and what Price’s symptoms were during the period prior to his hospitalization. He was asked if this information would change his opinion. He said that it would, that he would then relate the injury to the April fall.
Factual findings of the trial court are subject to the rule of manifest error. The appellate court may not disturb those findings unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). In this case, the trial judge found that Price suffered one accident in April 7, 1987, which resulted in his disability. After our review, we cannot say that the trial judge was manifestly erroneous.
Aetna next contends that its refusal to pay was not arbitrary and capricious under La.R.S. 1201.2.[1] It contends that, following the April accident, Price’s behavior in continuing to perform the manual duties of his job, indicated that a second incident caused the injury. Thus, it had a rational basis for denying coverage.
Absent manifest error, a trial court’s decision’s to award penalties and attorney fees will not be disturbed. Ruf v. Darrell DeMoss Photographers, 568 So.2d 1157 (La. 5th Cir.1990). None of the facts asserted by Aetna cast doubt on the fact of Price’s injuries. The only dispute in this matter was when those injuries occurred, and whether Aetna or Travelers insured Marrero-Estelle at that time. This should not affect the rights of Price to collect benefits and is not justifiable grounds for withholding benefits. Joyner v. Houston General Insurance Company, 368 So.2d 1149 (La.App. 3rd Cir.1979). Gaffney v. Saenger Theatre Partnership, 539 So.2d 1014 (La.App. 4th Cir.1989). Since no rational basis existed for Aetna’s refusal to compensate Price, we find the trial judge did not err in awarding penalties and attorney’s fees to him.
*409 Accordingly, the judgment of the trial court is hereby affirmed.
Appellant is to pay costs of this appeal.
AFFIRMED.

. § 1201.2 Failure to pay claims; discontinuance; attorney fees
Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney's fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, to payment of all reasonable attorney’s fees for the prosecution and collection of the difference between the amount paid or tendered and the amount due. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney’s fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney’s fees shall not apply to cases where the employer or insurer is found liable for attorney’s fees under this Section. The provisions of R.S. 22:658(C) shall be applicable to claims arising under this Chapter.