KLIEBERT, Chief Judge.
This is a worker’s compensation case. Donald L. France, the plaintiff-employee, appeals a judgment dismissing his petition for compensation benefits. The trial court ruled in favor of defendant-employer, Interstate Ford, Inc., and its compensation insurance carrier, United States Fidelity and Guaranty Company, after finding that the medical condition for which plaintiff sought compensation benefits was caused by a non-work-related automobile accident that occurred four months after a work-related accident. We affirm.
Plaintiff Donald L. France was employed as a service dispatcher by defendant Interstate Ford, Inc. On March 24, 1987, he was injured when he slipped and fell on a metal stairway at work. Mr. France sought medical treatment, complaining of pain in his neck and back and of tremors affecting his left hand. He was seen by Dr. Russell Levy, an orthopedist, who began treating the plaintiff medically for the back and neck pain. Dr. Levy referred the plaintiff to Dr. Hugh Fleming, a neurologist, for evaluation and treatment of the tremors in his left hand. Ultimately, Dr. John Schuhmacher, a neurosurgeon called in by Dr. Levy, performed two surgical procedures on the plaintiff’s back; the first procedure being a percutaneous lumbar discectomy done on August 11, 1988 and the second being an open lumbar discecto-my performed on October 20, 1988. The plaintiff received worker’s compensation benefits through December 1989. These benefits were terminated after Dr. Schuh-macher advised that the plaintiff could return to work.
On July 31, 1987, four months after the accident at work, the plaintiff was involved in an automobile accident unrelated to his employment.[1] He was seen by Dr. Stewart Altman, following the automobile accident. According to Dr. Altman’s written report, the plaintiff informed Dr. Altman about the March 27, 1987 injury at work, but indicated that he had almost completely resolved his pains, except for the hand tremors, before the automobile accident. The plaintiff continued under Dr. Altman’s care until December 3, 1987.
After he was discharged by Dr. Schuh-macher and his compensation benefits were terminated, the plaintiff was seen by Dr. Henry LaRocca for back and neck pains. Dr. LaRocca, an orthopedic surgeon, diagnosed the plaintiff’s condition as lumbar instability and recommended another surgery on the plaintiff’s back. Claiming enti *626 tlement to additional worker’s compensation benefits, plaintiff filed this suit.
The sole issue in this case is whether a causal relation exists between the plaintiff’s work accident on March 24, 1987 and his back condition diagnosed as lumbar instability by Dr. LaRoeca. The trial judge found that the evidence established no such causal relation. Rather, he found that the plaintiff’s back condition was caused by the non-work-related automobile accident, stating in his Reasons for Judgment:
“It is my opinion that plaintiff’s current condition of lumbar instability is directly related to the automobile accident. But for the auto accident, Mr. France probably would still be working. The tortfea-sor in the auto accident is responsible for his current condition.”
On appeal the plaintiff challenges the judgment denying him additional worker’s compensation benefits and points out that an employee-claimant may receive compensation benefits when a work-related injury is aggravated by a non-work-related injury.
In Gilmore v. Alton Ochsner Medical Foundation, 458 So.2d 197 (5th Cir.1984), at page 201, we summarized the jurisprudential rule regarding aggravation of a work related injury by a subsequent off-the-job injury:
‘An injury which is work related that is aggravated by an off the work accident is compensable only if there is a causal relation between the off the job accident and the work related injury.’ id. at 201 (citations omitted).
We also noted in Gilmore, supra, the difficulty in determining whether or not a causal relationship exists between the two traumas.
The plaintiff contends that the trial court erred in finding that the plaintiff’s lumbar instability condition was caused by the July 31, 1987 automobile accident, and not the March 24, 1987 work related accident. The trial court’s factual findings are subject to the manifest error rule, and, as an appellate court, we may not disturb those findings absent a conclusion that the trial court committed manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1979); Price v. Marrero-Estelle Vol. Fire Co., 599 So.2d 405 (5th Cir.1992)
Based on the evidence presented at trial, the trial judge noted in his Reasons for Judgment that the plaintiff did not miss any work during the four months following his job-related slip and fall accident. When he was examined after the non-work-related automobile accident, the plaintiff reported to Dr. Altman that he had almost completely resolved his pains from the slip and fall incident, except for the tremors in his left hand, prior to the automobile accident. Mr. Donald Bertus, the plaintiff’s supervisor at work, testified that he did not ever observe the plaintiff being incapable of performing his job because of any back problem. Nor did the plaintiff ever complain to Mr. Bertus of any back pain. Defendant Interstate Ford terminated the plaintiff’s employment on September 14, 1987 because of his outbursts of temper, but not as a result of any physical condition. After our review, we cannot say that the trial judge committed manifest error in finding that the plaintiff’s lumbar instability condition was caused by a non-work-related automobile accident. The trial court therefore correctly denied the plaintiff’s claim for additional worker’s compensation benefits.
Accordingly, the trial court’s judgment is affirmed, with appellant to pay the costs of this appeal.
AFFIRMED.

. Prior to this litigation, the plaintiff settled the automobile accident with his own uninsured motorist insurer because the other party in that accident carried no liability insurance.