DOMENGEAUX, Judge.
The plaintiff in this suit seeks workmen’s compensation benefits for total and permanent disability which he alleges resulted from an accident on November 1, 1969, while he was in the employ of Valley Farmers Coop., Inc. as a truck driver. Made defendants are his employer and its workmen’s compensation insurer at the time, Southern Farm Bureau Casualty Insurance Company. The defendants filed exceptions of res judicata based on a previous successful suit filed by plaintiff, alleging total and permanent disability as a result of a previous accident, against the same employer and its then workmen’s compensation insurer, National Fire and Marine Insurance Company, Pender v. National Fire and Marine Insurance Co., La.App., 255 So.2d 95, writs refused 260 La. 132, 134, 255 So.2d 355, 356. They also *601 answered the suit and brought in National by third party demands. National filed exceptions of no right or cause of action urging that it had no policy of insurance in effect at the time of the alleged accident, and an exception of res judicata based on the previous law suit. Plaintiff then filed an amended petition alleging that he had undergone surgery as a result of the accident now sued on and that a grevious infection had set in as a complication thereof. He alleged further that the consequent extended illness renderd him totally and permanently disabled not only for physical reasons but also because of mental depression. Defendants answered the amended petition and also filed a motion for summary judgment, again based on the previous litigation.
The exception of res judicata filed by the original defendants was overruled by the trial court. All other exceptions and motions were subsequently tried along with the merits of the case and were submitted to the district court for decision. Ultimately judgment was rendered granting the defendants’ motion for summary judgment and sustaining the third party defendant’s exceptions of no cause or right of action and of res judicata. Plaintiff appealed to this court.
Defendants admit in their brief that the trial court acted correctly in overruling their plea of res judicata and as we believe likewise, we do not treat the matter herein. The issues before us are the propriety of the rendition of summary judgment and the merits of plaintiff’s case. We opine that the District Judge erred in rendering summary judgment, but though using the wrong procedural vehicle, arrived at the correct determination of the merits.
Summary judgment does not lie if there is any issue as to material fact. La. Code of Civil Procedure, Arts. 966-967; Carney v. Hartford Accident and Indemnity Company, La.App., 250 So.2d 776; Thomas v. Signal Insurance Company, La. App., 236 So.2d 874. The plaintiff in the instant case has alleged, and therefore put at issue, the factual question of whether the 1969 accident caused or contributed to his disability. Res judicata concededly is inapplicable, and we are disinclined to expand- the use of summary judgment to include situations such as this wherein it has been cast in the mold of res judicata. Accordingly we shall reverse the summary judgment granted herein.
Nevertheless, as the record before us is complete and the matter has been fully tried we opine that it would best serve the ends of justice and effect judicial economy if we were to utilize our extensive appellate power and render judgment on the merits. LSA-C.C.P. Art. 2164.
In Pender v. National Fire and Marine Insurance Co., supra, all of the parties to the present suit except Valley Coop., and no others, were before us, although the insurance companies were in reversed positions. Therein plaintiff filed a workmen’s compensation suit against his employer’s than insurer, National, alleging his total and permanent disability as the result of an accident which occurred on July 12, 1968. National filed a third party demand against Southern Farm alleging that plaintiff’s disability was at least in part, if not wholly, the result of an accident which he sustained on November 1, 1969, the accident sued upon in the present case. This court gave the question thorough consideration and then wrote thusly:
The evidence also shows that the accident which Pender sustained on November 1, 1969, was of a relatively minor nature. His wife testified that Pender had not told her of any such accident, and that she did not even know that he had sustained one on that date, until he informed Dr. Dean on December 5, 1969, that such an accident had occurred. Pender stated that when the November 1 accident occurred he felt “something” in his back but that he kept on working without reporting it, and that this accident didn’t bother his leg like the 1968 *602 accident had done. He reported to Dr. Dean that when the wrench slipped “it pulled his back slightly,” and the doctor stated that Pender considered it to be a “fairly minor type injury.” Plaintiff did not go to a doctor for treatment of his back until more than six weeks after the alleged accident of November 1, 1969, occurred. All of these facts indicate that the last mentioned accident did not cause or contribute to plaintiffs present disability.
We conclude, therefore, as did the trial court, that plaintiff has been totally and permanently disabled since July 12, 1968, that his disability resulted solely from the accident which occurred on that date, and that National, as the compensation insurer of plaintiff’s employer in 1968, is liable to plaintiff for the compensation benefits which are due.
Plaintiff has suggested that it would not be proper for us to determine whether the 1969 accident contributed to Pen-der’s disability, because plaintiff has never asserted a claim against Southern Farm, and he has not been made a party to the contest between National and Southern Farm. We are unable to agree with that argument. The issue as to whether the 1969 accident contributed to plaintiff’s disability is one of the principal issues raised in the third party demand of National and the reconventional demand of Southern Farm. That issue was determined by the trial court, and it is properly before us on this appeal.
Prior to the trial National filed an exception of non joinder, alleging that plaintiff’s disability resulted solely or partially from the November 1, 1969, accident that Southern Farm was the employer’s compensation insurer at that time, and that Southern Farm thus is an undispensable [sic] party and should be joined as a defendant. That exception apparently was overruled by the trial court, and National argues that the court erred in failing to sustain it. We think it is unnecessary to consider that exception here, since we have concluded that plaintiff’s disability resulted solely from the injury which he suffered on July 12, 1968, and that it was not attributable, either wholly or in part, from the accident which occurred on November 1, 1969. (Emphasis added.)
At the trial of the instant case plaintiff offered no new evidence that could in any way be considered as demonstrating that the 1969 accident played a greater role in effecting his disability than the above quoted language indicates. Instead his evidence served only to show the continuing disability that he is experiencing because of the infection that followed his operation and the mental depression that his lengthly convalescence produced. The fact still remains that what made his surgery necessary was the 1968 accident, as was decided by this court in the previous case. By cause and effect it follows that any complications of said surgery were likewise the result of the 1968 accident. If the 1969 “accident” had no bearing on plaintiff’s ailment it likewise could have no bearing on any surgical procedures made necessary by that ailment or on any consequences of the surgery. All plaintiff has proved, therefore, is that he is still disabled as a result of the 1968 accident.
He has been receiving workmen’s compensation payments at the rate of $35.-00 per week since that accident; nevertheless, he advances the alternate argument that we should increase his compensation payments from $35.00 per week to $49.00 per week, and increase the medical benefits due him to $25,000.00 because in 1968 the legislature so increased the maximum benefits payable by Act 25 of the Extraordinary Session of that year and Act 103 of the regular session. We regret, because we are deeply impressed with plaintiff’s industrious nature, that we cannot agree, as the accident responsible for his disability occurred prior to the effective date of the aforementioned acts and they therefore *603 cannot avail him. Hebert v. South Louisiana Contractors, Inc., La.App., 38 So.2d 756; Theriot v. Schlumberger Well Surveying Corp., La.App., 131 So.2d 94; Talbot v. Trinity Universal Insurance Company, La.App., 99 So.2d 811.
For the above and foregoing reasons the judgment of the District Court granting summary judgment in favor of defendants and against plaintiff is reversed and set aside, and it is now ordered, adjudged, and decreed that there be judgment herein on the merits in favor of defendants and against plaintiff dismissing his suit at his costs in both this and in the District Court. It is further ordered, adjudged, and decreed that there be judgment herein in favor of third party defendant and against third party plaintiffs dismissing the third party action at the costs in both courts of the third party plaintiffs.
Reversed in part, affirmed in part, and rendered.