# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1221

**FELTON MALLERY**

**VERSUS**

**DYNAMIC INDUSTRIES, INC., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 9
PARISH OF IBERIA, NO. 09-07132
ELIZABETH C. LANIER, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## PHYLLIS M. KEATY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of J. David Painter, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED AS AMENDED.**

**David K. Johnson**
**Johnson, Stiltner & Rahman**
**Post Office Box 98001**
**Baton Rouge, Louisiana 70898-8001**
**(225) 231-0875**
**Counsel for Defendants/Appellants:**
    **Dynamic Industries, Inc.**
    **Louisiana Workers' Compensation Corporation**

**Mark L. Riley**
**Glenn Armentor Corporation**
**300 Stewart Street**
**Lafayette, Louisiana  70501**
**(337) 233-1471**
**Counsel for Plaintiff/Appellee:**
      **Felton Mallery**

**KEATY, Judge.**

In this workers' compensation case, Defendants, Dynamic Industries, Inc. (Dynamic) and Louisiana Workers' Compensation Corporation (LWCC), appeal a judgment of the workers' compensation judge (WCJ) in favor of Dynamic's former employee, Felton Mallery. For the following reasons, we amend, affirm as amended, and award Mallery additional attorney fees.

## FACTS AND PROCEDURAL HISTORY

Mallery worked for Dynamic as a painter/sandblaster. He was injured on September 26, 2006, when a forklift caught a beam and dragged it onto his right leg, fracturing it. He developed low back pain as a result of his injury. On June 2, 2009, Mallery underwent lumbar surgery. He began suffering with neck pain several weeks later.

Mallery filed a 1008 Disputed Claim for Compensation (1008) in August 2009, alleging that Dynamic had failed to authorize and/or pay for his healthcare expenses, including several cervical nerve block injections and the purchase of a muscle stimulator. He sought penalties and attorney fees, contending that Dynamic had failed to reasonably controvert his claim.

At the start of the June 30, 2011 trial in this matter, the parties stipulated that: 1) Mallery was employed by Dynamic on the date of the accident, and the accident was in the course and scope of his employment; 2) Mallery is receiving benefits at the rate of $478 per week, the maximum amount allowed on the date of his September 26, 2006 accident; 3) if called to testify, Mallery would state that his initial injuries were to his leg and low back, that his cervical problems arose after his 2009 lumbar surgery, and that he desires to have the cervical surgery suggested by Dr. John Cobb. No witnesses were called by either party, and Mallery offered as exhibits his records from Dr. Cobb, his orthopedic surgeon.

At the conclusion of the two-day trial, the WCJ issued a ruling from the bench finding that Mallery's cervical complaints were related to his original work injury and that Defendants were responsible for all reasonable and necessary medical treatment related to his cervical spine, including the surgery recommended by Dr. Cobb. The WCJ assessed Defendants with $7,000 in attorney fees and the following penalties: $2,000 for failing to recognize the cervical conditions as related; $2,000 for failure to authorize the cervical surgery; and $2,000 for failure to authorize post-surgical care and other medical treatment of Mallery's neck. A written judgment in conformance with the oral ruling was signed on August 12, 2011.

Defendants now appeal. First, they claim that the WCJ erred in ordering them to pay for the cervical surgery recommended by Dr. Cobb because the surgery is unrelated to Mallery's September 26, 2006 work-related accident. Next, they claim that the WCJ erred in awarding penalties and attorney fees for their failure to authorize the cervical surgery. Mallery answers the appeal, seeking additional attorney fees for the work done in answering and defending this appeal.

## DISCUSSION

"Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Foster v. Rabalais Masonry, Inc.,* 01-1394, p. 2 (La.App. 3 Cir. 3/6/02), 811 So.2d 1160, 1162, *writ denied,* 02-1164 (La. 6/14/02), 818 So.2d 784 (citation omitted).

In *Green v. National Oilwell Varco*, 10-1041, pp. 3-4 (La.App. 3 Cir. 4/27/11), 63 So.3d 354, 358, we explained:

2

"The determination of coverage is a subjective one in that each case must be decided from all of its particular facts." *Jackson v. Am. Ins. Co.,* 404 So.2d 218, 220 (La.1981). This court has held that, in light of that standard of review, "great deference is accorded to the [workers' compensation judge's] factual findings and reasonable evaluations of credibility." *Cent. Lumber Co. v. Duhon,* 03-620, p. 3 (La.App. 3 Cir. 11/12/03), 860 So.2d 591, 593, *writ denied,* 04-315 (La. 4/2/04), 869 So.2d 880 (quoting *Garner v. Sheats & Frazier,* 95-39, p. 7 (La.App. 3 Cir. 7/5/95), 663 So.2d 57, 61).

In *Pender v. Southern Farm Bureau Casualty Insurance Co.*, 280 So.2d 599 (La.App. 3 Cir. 1973) (*Pender II*), the claimant had suffered two work-related accidents in a one-and-one-half year time period. He later had surgery and suffered a serious infection as a complication of the surgery, which resulted in a lengthy period of convalescence and left him depressed. Claimant's employer changed workers' compensation insurers during the period between his two accidents. On appeal, claimant asserted that the second accident contributed to his disability. This court decided that it did not. In doing so, we looked to our earlier decision in *Pender v. National Fire and Marine Insurance Co.*, 255 So.2d 95 (La.App. 3 Cir.), *writ denied*, 255 So.2d 355 (La.1971) (*Pender I*), wherein we determined that the claimant had been totally and permanently disabled since the first accident. We then stated in *Pender II*:

> [P]laintiff offered no new evidence that could in any way be considered as demonstrating that the [second] accident played a greater role in effecting his disability…. Instead his evidence served only to show the continuing disability that he is experiencing because of the infection that followed his operation and the mental depression that his lengthly [sic] convalescence produced. *The fact still remains that what made his surgery necessary was the [first] accident, as was decided by this court in the previous case. By cause and effect it follows that any complications of said surgery were likewise the result of the [first] accident. If the [second] 'accident' had no bearing on plaintiff's ailment it likewise could have no bearing on any surgical procedures made necessary by that ailment or on any consequences of the surgery.*

*Pender*, 280 So.2d at 602 (emphasis added). *See also Deville v. Townsend Bros. Const. Co.*, 284 So.2d 110 (La.App. 3 Cir. 1973) (an employer's liability for

3

compensation for initial injury is not diminished if the disability from that injury is aggravated or prolonged due to complications that follow).

"The law is settled that an employer accepts an employee as he finds him, and that ordinarily the Workmen's Compensation Act affords coverage if a work-connected accident precipitates or accelerates a pre-existing disposition or disease into becoming a present disability." *Porter v. Augenstein Const. Co.*, 280 So.2d 861, 864 (La.App. 3 Cir. 1973).

### *Cervical Condition*

On appeal, Defendants argue that "there can be no credible argument" that Mallery's cervical complaints are directly related to his September 2006 work accident because they did not arise until nearly three years later. As they interpret Dr. Cobb's records, Mallery suffered from a degenerative condition in his neck that "simply progressed over the intervening years following his work accident." Defendants further contend that cervical complaints are not a "normal" risk associated with lumbar surgery.

Mallery counters that we should affirm the WCJ because the jurisprudence holds that complications resulting from or arising out of a surgery or other medical treatment necessitated by a work-related accident are related to the original accident and compensable in workers' compensation. With regard to Defendants' claim that cervical complications are not a "normal" risk of lumbar surgery, Mallery points out that Defendants offered no evidence in support of their argument. He further submits that the jurisprudence does not contain such a requirement.

In its oral ruling in Mallery's favor, the WCJ noted that prior to his back surgery, Mallery had no complaints related to his neck. However, as documented in Dr. Cobb's records, within several weeks of his surgery, Mallery began

4

suffering from neck pain. The WCJ further noted that, while Dr. Cobb noted in several reports that Mallery's cervical issues were likely related to the way that he was positioned during his lumbar surgery, the Defendants offered absolutely no evidence to contradict Dr. Cobb's finding of a causal link between Mallery's cervical complaints and his original work-related accident.

Our review of Mallery's records from Dr. Cobb confirm that he did not suffer from cervical problems before his lumbar surgery and that on several occasions, Dr. Cobb noted that Mallery's cervical issues were likely related to his positioning during his lumbar surgery. No evidence was offered by Defendants to challenge the evidence submitted by Mallery. As a result, we find no manifest error in the WCJ's conclusion that Mallery's cervical complaints were related to his September 2006 work accident as those complaints arose as a result of the lumbar surgery necessitated by the 2006 accident, regardless of the time that elapsed between Mallery's initial injury and the onset of his cervical complaints. *See Pender*, 280 So.2d 599. Further, as we noted in *Porter*, 280 So.2d 861, an employer is liable for its employee's injuries if a work-related accident causes a pre-existing condition to become symptomatic. Thus, it is of no moment that Mallery may have suffered from any degenerative cervical condition before his lumbar surgery as that condition did not become symptomatic until after that surgery. Defendants' first assignment of error lacks merit.

*Penalties and Attorney Fees*

Louisiana Revised Statutes 23:1201(F) provides that a claimant is entitled to an award of penalties and attorney fees for its employer's failure to pay compensation or medical benefits unless the WCJ finds that the employer reasonably controverted the claim or that nonpayment was the result of conditions not under control of the employer.

5

"Awards of penalties and attorney's fees in workers' compensation are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed." *Williams v. Rush Masonry, Inc.,* 98-2271, pp. 8-9 (La. 6/29/99), 737 So.2d 41, 46 (citation omitted). An appellate court reviews the WCJ's decision to award penalties and attorney fees using the manifest error/clearly wrong standard of review. *Ducote v. La. Indus., Inc.,* 07-1536 (La.App. 3 Cir. 4/2/08), 980 So.2d 843.

In this case, the WCJ assessed Defendants with a $2,000 penalty for failing to recognize the cervical conditions as related; a $2,000 penalty for failure to authorize the cervical surgery; and another $2,000 penalty for failure to authorize post-surgical care and other medical treatment of Mallery's neck. Defendants were assessed with $7,000 in attorney fees.

On appeal, Defendants contend that because they reasonably controverted Mallery's claims associated with his complaints regarding his neck, this court should reverse the WCJ's imposition of penalties and attorney fees. Alternatively, they contend that even if we were conclude that the WCJ did not err in imposing penalties against it, the WCJ nonetheless erred in imposing more than a single $2,000 penalty. Defendants do not challenge the amount of attorney fees awarded. Mallery counters that penalties were properly awarded because Defendants failed to conduct "an investigation or seek any medical opinion as to the connexity and causality" of his cervical complaints. He also points out that La.R.S. 23:1201(F) authorizes the imposition of multiple penalties up to $8,000.

We are convinced that the WCJ did not manifestly err in finding that Defendants failed to reasonably controvert Mallery's claim for benefits concerning

his cervical complaints as they apparently relied on nothing more than the opinion of their insurance adjuster in denying his claim. Nevertheless, we conclude that the WCJ erred in awarding Mallery a penalty for failing to authorize the cervical surgery recommended by Dr. Cobb and a separate penalty for failing to authorize post-surgical care and medical treatment for his neck, as those penalties are duplicative. Counsel for Mallery admitted as much at oral arguments. *See Haws v. Prof'l Sewer Rehab., Inc.*, 98-2846 (La.App. 1 Cir. 2/18/00), 763 So.2d 683. Accordingly, we reduce the award of penalties due Mallery to a total of $4,000.

*Answer to Appeal*

In his answer to appeal, Mallery requests additional attorney fees for having to answer and defend this appeal. In *Nash v. Aecom Technology Corp.*, 07-990, p. 8 (La.App. 3 Cir. 2/6/08), 976 So.2d 263, 268, this court held that "[a] workers' compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending an employer/insurer's unsuccessful appeal." We award Mallery an additional attorney fee of $3,000 for the work done on appeal.

## DECREE

For the forgoing reasons, we amend the judgment of the WCJ to reduce the penalties awarded to $4,000. In all other respects, we affirm. We award Felton Mallery additional attorney fees of $3,000 for having to answer and defend this appeal. Defendants, Dynamic Industries, Inc. and Louisiana Workers' Compensation Corporation are cast with all costs of this appeal.

**AFFIRMED AS AMENDED.**

7