STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-252

JAMES KEYS

VERSUS

REPUBLIC SERVICES – AL OF SCOTT

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4,
PARISH OF LAFAYETTE, NO. 10-07784
HONORABLE ADAM JOHNSON, JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of Chief Judge Ulysses Gene Thibodeaux, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED AND RENDERED.**

Gremillion, J. concurs in part, dissents in part, and assigns written reasons.

**Howard C. Dejean**
**111 N. Court St.**
**Opelousas, LA 70570**
**Counsel for Plaintiff-Appellee:**
      **James Keys**

**Trent J. Oubre**
**P.O. Box 3197**
**Baton Rouge, LA 70821**
**Counsel for Defendant-Appellee:**
      **Republic Services, Inc.**

**PAINTER, Judge**

Defendant, Republic Services, Inc., appeals the judgment of the workers' compensation judge (WCJ) finding Plaintiff, James Keys, to be entitled to temporary total disability benefits from the date of injury to the present and all related and reasonably necessary medical benefits, dismissing Defendant's claims for forfeiture and reimbursement of benefits, and awarding penalties and attorney's fees. Finding no error in the judgment of the WCJ, we affirm.

## FACTS

Although Defendant disputed the occurrence of an on the job accident, Keys alleged that he was injured in the course and scope of his employment while lifting a hot water tank in the back of a truck on May 11, 2009. Defendant paid benefits until May 18, 2010. Keys filed a disputed claim for benefits. Defendant filed a reconventional demand claiming that Keys was not entitled to benefits because he was in violation of La.R.S. 23:1208 in that he willfully made false statements regarding his prior medical history. The WCJ found that Keys was, in fact, injured in the course and scope of his employment. He further found that Defendant did not willfully make false statements as to his medical history. Finally, the WCJ found that Defendant acted arbitrarily and capriciously in terminating benefits and awarded penalties and attorney's fees. Defendant appeals.

## DISCUSSION

*Violation of La.R.S. 23:1208*

Defendant first asserts that the WCJ erred in finding that Keys did not forfeit his right to benefits as a result of violating the provisions of La.R.S. 23:1208.

> The determination by a WCJ as to whether a claimant has made a false statement, willfully, for the purpose of obtaining workers' compensation benefits is a finding of fact[] and is, therefore, subject to the manifest error standard of review. *Phillips v. Diocese of Lafayette*, 03-1241 (La.App. 3 Cir. 3/24/04), 869 So.2d 313. However, we must keep in mind

that La.R.S. 23:1208(E) is penal in nature. Any statute that is penal in nature must be strictly construed in favor of the one receiving benefits under that chapter of the law. *Fontenot v. Reddell Vidrine Water Dist.*, 02-439 (La.1/14/03), 836 So.2d 14; *Olander v. Schillilaegh's*, 04-725 (La.App. 3 Cir. 3/23/05), 899 So.2d 97.

La.R.S. 23:1208 authorizes forfeiture of benefits upon proof that (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. The statute applies to any false statement or misrepresentation made willfully by a claimant for the purpose of obtaining benefits. All of these requirements must be present before a claimant can be penalized. Because this statute is penal in nature, it must be strictly construed, both in its substantive ambit and in its penalty provisions.

Concerning the standard of appellate review of a forfeiture claim, the court in *Rowan Cos., Inc. v. Powell*, 02-1894, 02-1895, p. 6 (La.App. 1 Cir. 7/2/03), 858 So.2d 676, 680, *writ denied*, 03-2177 (La.11/14/03), 858 So.2d 425 (citations omitted), stated:

> The determination of whether there is a false statement or representation willfully made for the purpose of obtaining any benefit or payment involves inherently factual determinations and, thus, this court's review of those findings by the WCJ is governed by the manifest error standard. Under that standard of review, this court may only reverse the WCJ's decision if we find (1) there is no reasonable factual basis for the finding in the record and (2) the finding is clearly wrong or manifestly erroneous.

*Phillips v. Diocese of Lafayette*, 869 So.2d at 316-17, (quoting in part *Flintroy v. Scott Cummins Salvage*, 36,857, p. 12 (La.App. 2 Cir. 3/10/03), 839 So.2d 1231, 1238, *writ denied*, 03-1068 (La.6/6/03), 845 So.2d 1093 (citations omitted))

*Jim Walter Homes, Inc. v. Guilbeau*, 05-1473, pp. 5-6 (La.App. 3 Cir. 6/21/06), 934 So.2d 239, 243-44.

The WCJ found that Keys did not willfully misrepresent his medical history for the purpose of obtaining benefits. The WCJ based this finding on the evidence that Keys suffers from Huntington's disease, which causes dementia and/or memory loss and affects his ability to remember previous events. After reviewing the record herein, we find no error in this finding.

*Entitlement to Benefits*

2

Defendant next asserts that the trial court erred in awarding temporary total disability benefits arguing that Keys' treating physician confirmed that Keys' current condition is caused by Huntington's disease, which is not the consequence of a work related injury; that Keys would be back at work but for the Huntington's disease and his failure to comply with medical care for that condition; and that Keys was released to work by a second orthopedic doctor.

The WCJ found that ignoring the effects of the Huntington's disease and in light of the fact that his treating physician has never released him to any employment, Keys met his burden of proving that he is temporarily totally disabled. In support of his conclusion, the WCJ cited *Miller v. Roger Miller Sand, Inc.*, 94-1151 (La. 11/30/94), 646 So. 2d 330. That case concerned a man who had a stroke after being injured on the job. His employer terminated benefits when it was found that Miller was permanently totally disabled by the stroke. The Louisiana Supreme court found as follows:

> In the present case, the evidence clearly supports the hearing officer's determination that plaintiff's ten to 15 foot fall into a ditch while at work in February 1991 caused the rotator cuff tear in his right shoulder. The evidence is also clear that the stroke plaintiff suffered on April 15, 1991 is an unrelated medical event which worsened plaintiff's condition, and rendered him completely and totally disabled. However, the mere fact that the stroke, and not the work injury, rendered plaintiff totally disabled does not negate the fact that the work injury left plaintiff with some form of disability. While Miller Sand is not required to pay for the increased disability caused by plaintiff's subsequent non-work-related stroke, Miller Sand must pay for the disability caused by plaintiff's work-related fall. The hearing officer was clearly wrong to terminate disability payments due to the stroke. Therefore, in order to determine if plaintiff is entitled to continuing disability payments, we must determine the extent of his disability caused by the work-related fall, giving no consideration to any additional disability caused by the stroke.

*Id*. at 334-35.

Here, the WCJ determined that Defendant must pay for the disability caused by Plaintiff's work-related injury. After reviewing the record, we find no error in

3

the conclusion that Keys carried his burden of showing that he is entitled to temporary total disability benefits. *See Mallery v. Dynamic Indus., Inc*., 11-1221, (La.App. 3 Cir. 3/14/12), 86 So.3d 826.

*Penalties and Attorney's Fees*

> "Awards of penalties and attorney's fees in workers' compensation are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed." *Williams v. Rush Masonry, Inc*., 98-2271, pp. 8-9 (La.6/29/99), 737 So.2d 41, 46 (citation omitted). An appellate court reviews the WCJ's decision to award penalties and attorney fees using the manifest error/clearly wrong standard of review. *Ducote v. La. Indus., Inc*., 07-1536 (La.App. 3 Cir. 4/2/08), 980 So.2d 843.

*Id.* at 830.

The WCJ stated in its reasons for judgment that:

> This court is of the opinion that the defendant simply ignored Mr. Keys' underlying condition due to the work-related accident and focused on had he not had the Huntington's he would have received treatment, surgery and would be back at his regular job. This is not the proper analysis. The Court finds the defendant's termination of benefits and what information it had at the time of the termination, the defendant's decision to terminate the benefits was arbitrary, capricious or without probable cause.

Again, in light of the record, we find no error in the trial court's determination that penalties and attorney's fees are due or in the amounts awarded.

In his answer to appeal, Plaintiff requests additional attorney's fees for having to answer and defend this appeal. "A workers' compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending an employer/insurer's unsuccessful appeal." *Nash v. Aecom Tech. Corp*., 07-990, p. 8 (La.App. 3 Cir. 2/6/08), 976 So.2d 263, 268. We award Plaintiff an additional attorney fee of $3,500 for the work done on appeal.

**CONCLUSION**

4

For these reasons, the judgment of the WCJ is affirmed. We award additional attorney's fees on appeal in the amount of $3,500.00. Costs of this appeal are assessed to Defendant.

**AFFIRMED AND RENDERED**.

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-252

JAMES KEYS

VERSUS

REPUBLIC SERVICES – AL OF SCOTT

**GREMILLION, Judge, concurs in part, dissents in part and assigns written reasons.**

At the risk of oversimplifying this matter, the majority had to answer three questions. The first was whether Mr. Keys was entitled to continued benefits. The second was whether he committed fraud. The third was whether Mr. Keys was entitled to additional penalties and attorney fees for his employer's bad actions. Depending heavily on the broad boundaries of the manifest error standard, I concur with the workers' compensation court and with my colleagues in the majority on the first two questions. However, with regard to the third question, I disagree.

The simple fact of the matter, as clearly expressed in this record, is that this employee repeatedly misrepresented his own medical history. He misrepresented it to his doctors, in his deposition and to the workers' compensation judge. The workers' compensation judge and the majority shrug off these repeated misrepresentations as mere memory loss from an employee who was "confused" but otherwise "credible." The WCJ was certainly within its discretion when it ruled as it did. However, the mere fact that the WCJ ruled against the employer on the factual and legal issues involved here does not in any way suggest that the employer was arbitrary and capricious in requiring that its defenses be heard.

The defendant was not arbitrary and capricious when it asked the workers' compensation judge to unwind the tangle between an injury resulting from an unwitnessed accident and the clearly unrelated Huntington's disease. The defendant was certainly not arbitrary and capricious when it pointed out that Mr. Keys had misrepresented his own medical history consistently and repeatedly. Thus, I would reverse the workers' compensation court with regard to the penalties and attorney fees it awarded.